### WEILL *v.* WEILL.

*(Supreme Court, Special Term, New York County.   April 12, 1890.)*

1. ATTORNEY AND CLIENT—COMPENSATION—LIEN ON ALIMONY.
    The attorney for plaintiff in an action for a limited divorce has no lien for his services on the alimony awarded, which he can enforce by proceeding against defendant for contempt in failing to pay the alimony.
2. COSTS—HOW ENFORCED—CONTEMPT.
    The costs of an action for divorce cannot be collected by a proceeding to punish for contempt.

Action for limited divorce. Plaintiff obtained a decree directing defendant to pay her certain alimony, attorney's fees, and costs; and her attorneys filed an affidavit alleging that they had received no compensation for their services, but had expended large sums for plaintiff in carrying on the suit, and asked that defendant be punished for contempt in failing to make the payments directed by the court. Defendant filed affidavits showing that he and plaintiff were again living together as husband and wife, and that plaintiff does not wish to enforce the judgment for alimony.

*Marks & Terry,* (*Montague L. Marks,* of counsel,) for plaintiff.    *Joseph Steiner,* (*Alfred Steckler,* of counsel,) for defendant.

ANDREWS, J. The husband and wife both swear that the alimony has been paid, and, besides, I am not referred to any case in which it has been held that an attorney has a lien upon the alimony awarded to the wife by a final judgment rendered in her favor, in an action for a separation. The costs cannot be collected by a proceeding to punish for contempt. *Jacquin* v. *Jacquin,* 36

Hun, 378. Apparently, all that the court can do is to permit the attorney to issue an execution to collect the costs, and an order giving such permission, with $10 costs of this motion, may be entered.