Aspinwall *v.* Aspinwall.

FLORENCE S. ASPINWALL, appellant,

*v.*

SUMMER D. ASPINWALL, respondent.

1. In cases where no special equities exist, sections 56 and 64 of the Chancery act (*Rev. pp. 113, 115*) provide the only methods by which a decree of the court of chancery, for the payment of a sum of money due upon a con-

tract between the parties, can be enforced, to wit, by the sequestration of the estate of the defendant, by *fieri facias* against his real and personal property, and, in cases of fraud, by *capias* against his person.

2. Where costs are directed to be paid by an interlocutory order, which cannot be enforced by execution, their payment may be compelled by attachment for contempt; but where they are awarded as an incident to the final decree in the cause, their payment can only be enforced by those methods which the law designates for the enforcement of the decree itself.

On appeal from an order of the chancellor.

*Mr. Cortlandt Parker* and *Mr. Chauncey G. Parker,* for the appellant.

*Mr. Samuel Kalisch,* for the respondent.

The opinion of the court was delivered by

Gummere, J.

The appellant and the respondent, who is her husband, entered into articles of agreement providing for a separation between them, in which the respondent agreed, among other things, to pay to his wife a certain sum of money each week for her support. Upon his failure to comply with this provision of the contract, the appellant filed her bill in the court of chancery to compel the performance by her husband of the articles of agreement, and particularly the payment of the weekly allowance stipulated for therein. The chancellor decreed the performance of the contract; and that portion of the decree which directed the payment by the husband to the wife of the moneys which had become due to her, under the stipulation to pay the allowance, was affirmed by this court. *Aspinwall* v. *Aspinwall, 4 Dick. Ch. Rep. 302.* The respondent having failed to pay to the appellant the moneys decreed to be due to her under the articles of separation, after service upon him of a certified copy of the decree and a demand for payment, she applied to the chancellor for an attachment for contempt against him to compel the payment thereof. The chancellor, considering that an attach-

ment was not a proper method for the enforcement of the appellant's decree, denied the application, and from the order of denial this appeal is taken.

In my opinion, the application for an attachment was properly refused. It is true, as urged by counsel for the appellant, that, in the earlier days of the court of chancery, the only method by which a decree for the payment of money due upon a contract could be enforced, as well as all other decrees except those which were for the land itself, was by process of contempt; but that was because such decrees operated only *in personam*. This defect in the law, however, has been remedied in this state by statute. *Rev. pp. 113, 115*, §§ *56, 64*. By these provisions the legislature has clothed the court of chancery with power to enforce its decree by the sequestration of the estate, both real and personal, of the defendant, and by the issuing of writs of *fieri facias* and *capias ad satisfaciendum* against him; and has given to the decrees of that court which direct the payment of a sum of money by one person to another the force, operation and effect of judgments at law in the supreme court. In my opinion, the effect of this legislation was to do away with the process of contempt, as a method of enforcing decrees for the payment of moneys due upon contracts between the parties, in cases where no special equities exist, and to substitute therefor sequestration of the defendant's estate, the writ of *fieri facias* against his real and personal property, and, in cases of fraud, the writ of *capias* against his person.

The conclusion that decrees of this kind, in cases where there is no pretence of fraud, can ordinarily be enforced in this state by process of attachment, can only be reached by ignoring that provision of our constitution which forbids the imprisonment of any person for debt in any action, *or on any judgment founded on contract*, unless in cases of fraud (*Const. Art. I. ¶ 17*); for the ultimate result of proceedings for contempt, where they are used as a method of relief *inter partes*, is the imprisonment of the party proceeded against.

A similar view has been taken by the courts of England of the effect of the statute of *32 and 33 Vict. c. 62*, passed for the

abolition of imprisonment for debt, which provides that, with the exception of certain cases mentioned in the act, no person shall be arrested for making default in payment of a sum of money. In the case of *Esdaile* v. *Visner, L. R. 13 Ch. Div. 421,* it was held by the English court of chancery that since the adoption of that statute process of contempt could no longer be issued out of that court for the purpose of compelling a person to make payment of a sum of money which he had been directed to pay by the order of that court, but that the method provided by the act for the enforcement of such orders must be followed.

It is contended, on behalf of the appellant, that as a large part of the decree which she seeks to enforce is for costs, such part is collectible by proceedings for contempt, even if the original debt cannot be collected by that process. But this contention cannot be sustained. Whether or not costs can be collected by attachment depends upon the character of the order or decree which has been entered for their payment. If it be an interlocutory or independent order for their payment, where, by law, an execution cannot be awarded for their collection, then the party against whom they are awarded may be proceeded against by attachment; but if the costs which are ordered to be paid are an incident to the final decree in the cause, their payment can only be enforced by those methods which the law designates for the enforcement of the decree itself.

The order appealed from should be affirmed, with costs.

*For affirmance*—The Chief-Justice, Garrison, Gummere, Lippincott, Ludlow, Magie, Van Syckel, Bogert, Brown, Sims, Smith, Talman—12.

*For reversal*—None.