THE GRAND LODGE KNIGHTS OF PYTHIAS OF NEW JERSEY, complainant and respondent,

*v.*

OTTO JANSEN, ANTON SCHONCK and MAX SEELINGER, defendants and appellants.

[Filed March 4th, 1901.]

1. A punitive order of the court of chancery, fining or imprisoning a party for contempt, is not appealable, if the matter and party be within the jurisdiction of the court.

2. A remedial order of the court of chancery, made in contempt proceedings is appealable.

3. On an application to the court of chancery to obtain, in proceedings for contempt, a remedial order directing the imprisonment of the defendant until he shall pay a money decree, it is proper for the defendant to show his inability to pay, and, if that be shown, an order for such imprisonment ought not to be made.

47

On appeal from a decree advised by Vice-Chancellor Pitney, who delivered the following conclusions:

The order to show cause was served on five defendants, and four of them, to wit, Jansen, Schonck, Firner and Sonn, appeared and filed two affidavits.

The order of December 8th and injunction were each served upon Firner and Jansen. The other defendants were officers of the lodge.

The restraining order of December 8th was in these words:

"And it is further ordered that the said defendants, Germania Lodge No. 50, Knights of Pythias of New Jersey, and Otto Jansen and their agents in the meantime and until the further order of this court in the premises, desist and refrain from disposing of or dividing amongst the members of said lodge or any of them, or from parting with in any manner any of the funds or other property of the lodge which is in their possession or under their control."

The injunction was directed to the defendant lodge and to Otto Jansen and their attorneys and agents.

The defendants Schonck, Sonn and Seelinger are clearly within that description, and I am satisfied, although they technically deny it, that they each had notice of the order of December 8th, for the reason that it was issued and served on Saturday afternoon, December 8th, and on Monday, December 10th, they united in a distinct and direct disobedience of it by disposing of the funds and assets of the lodge. Then after the injunction of February 12th was issued, of which I am satisfied Sonn had notice, Sonn made other disposition of the funds, contrary to the letter and spirit of the injunction. I can find no evidence that Firner took any part in these proceedings, although he may have had notice of them. I am also satisfied that they each knew that the funds and property they were dealing with were those which the complainant claimed and which the order and injunction were intended to protect.

I therefore adjudge Schonck, Jansen, Sonn and Seelinger guilty of a contempt of this court. I think their affidavits submitted do not furnish any answer to the contempt.

Grand Lodge Knights of Pythias *v.* Jansen.

I will hear counsel at Newark, on Tuesday, September 12th, as to what punishment shall be imposed upon them.

And afterwards the following additional memorandum:

In this case I have just received the argument of the counsel for the defendants, and am of the opinion that the cases therein relied upon of *Wallon* v. *Walton, 9 Dick. Ch. Rep. 607,* and *Aspinwall* v. *Aspinwall, 8 Dick. Ch. Rep. 684,* do not apply to this case for two reasons. In the first place, in neither of those cases was there any actual contempt of the court. In the present case the defendants have been adjudged guilty of an actual contempt of the court in disobeying an injunction issued by the court and served upon them prior to the entry of the decree. Hence, they must be punished, quite independent of their pecuniary responsibility. In the second place, the denial of means to pay the decree entered in the action after the contemptuous acts were committed was made simply by *ex parte* affidavits, and the defendants have never been subjected to examination on that subject.

I think the case is within the principle acted upon by the court in *Forrest* v. *Price, 7 Dick. Ch. Rep. 16; S. C., 8 Dick. Ch. Rep. 693.*

I will therefore advise an order that the defendants adjudged in contempt be committed to the custody of the sheriff of the county of Essex until they shall have paid the amount of the decree, with costs, and the costs of this application, and a fine to the state of $5 each.

*Mr. Robert H. McCarter,* for the appellants.

*Mr. Walter F. Hayhurst,* for the respondent.

The opinion of the court was delivered by

DIXON, J.

This appeal is taken from an order in chancery made December 6th, 1899, adjudging the appellants to be in contempt for

disobeying a restraining order dated December 8th, 1894, and an injunction dated February 12th, 1895, the object of which was to secure control of certain moneys that had belonged to the Germania Lodge, but were claimed by the bill filed in December, 1894, to belong then to the complainant, the Grand Lodge Knights of Pythias of New Jersey. The order appealed from directed that for their contempt the appellants should each pay to the clerk of the court for the use of the state a fine of $5, and that they should pay to the complainant the sum of $715, with interest thereon from December 8th, 1894, being the balance due the complainant on the final decree in the cause, and also the costs of the suit and of the contempt proceedings, and further directed that the appellants should be committed to the common jail of Essex county until they complied with the order.

This order has a twofold character. It aims to punish the appellants for conduct derogatory to the dignity of the court, and also to afford the complainant an additional remedy by the imprisonment of the appellants until they pay the sum due.

As a mere punishment for contemptuous conduct, the order being within the jurisdiction of the court of chancery is not appealable, but so far as it is for the relief of the suitor, it is subject to appeal. *Dodd* v. *Una, 13 Stew. Eq. 672; Thompson* v. *Pennsylvania Railroad Co., 3 Dick. Ch. Rep. 105; S. C., 4 Dick. Ch. Rep. 318; Forrest* v. *Price, 7 Dick. Ch. Rep. 16; S. C., 8 Dick. Ch. Rep. 693.* Therefore, so much of the order as requires the appellants to pay a fine and be committed until payment, is beyond our review.

Of the remedial part of the order, the direction to pay the sum due to the complainant is merely a re-affirmation of the final decree, and so cannot now be deemed a grievance; consequently, only respecting the order for imprisonment until the debt and costs are paid are the appellants entitled to be heard. Since the sole purpose of the imprisonment is to obtain payment for the complainant, the court should consider whether the imprisonment is likely to secure that result. To this end, the financial ability of the appellants is a proper subject of inquiry,

for if they have not the means wherewith to pay, the imprisonment can surely afford no remedy.

Before this order for imprisonment was made each of the appellants presented to the court his affidavit, stating that he was a working man, dependent on his weekly wages for the support of himself and his family, and had no money, funds or property with which to pay the decree or any part thereof. There was no denial of these affidavits, and the inability of the appellants to pay the debt is substantially conceded.

The import of these affidavits was disregarded in the court below because they were *ex parte* and the affiants had not been cross-examined on the subject. But that arose from the fact that the complainant, in prosecuting the order for contempt, had chosen to produce its proofs in the same manner—by the service of affidavits—a practice sanctioned by the rules of the court. If the complainant had desired to deny these averments of poverty or to cast doubt upon them by cross-examination, an opportunity to do so should have been secured before the hearing. When presented at the hearing, in accordance with the practice of the court, they could not rightfully be ignored.

It is urged, also, that the inability of the appellants to comply with the decree was not a proper subject for consideration until after the remedial order had been made. Such is not the law.

In *Thompson* v. *Pennsylvania Railroad Co., 4 Dick. Ch. Rep. 318,* Mr. Justice Van Syckel, speaking for this court, said that the cases recognized the propriety of discharging the defendant from the consequences of his apparent contempt if he can show his inability to comply with the order of the court, and in *Walton* v. *Walton, 9 Dick. Ch. Rep. 607,* Vice-Chancellor Grey held the rule to be that any facts existing when the application to hold for contempt is made, which would support a motion to enlarge from custody, ought to be shown in answer to the application to hold the defendant in contempt. We consider such a practice commendable from every point of view.

Our conclusion is that the imprisonment of these appellants was not adapted to secure the payment of the complainant's claims, and therefore could not justly be deemed an equitable remedy therefor. To that extent the order is reversed.

*For reversal* — The Chancellor, Chief-Justice, Van Syckel, Dixon, Collins, Fort, Garretson, Bogert, Krueger, Hendrickson, Adams, Vredenburgh, Voorhees—13.

*For affirmance*—None.