JOHN H. LETTS

v.

MAY E. N. LETTS.

[Decided January 28th, 1916.]

Counsel fee and costs allowed in a final decree may be enforced by a process of attachment for contempt.

*Mr. Warren R. Schenck,* for the petitioner.

*Messrs. Woodbridge & March,* for the defendant.

BACKES, V. C.

This suit for divorce was dismissed with counsel fee and costs, and the defendant moves to attach the petitioner for non-payment. He resists, claiming that costs and counsel fee on a final decree can only be recovered by execution or sequestration, and relies on *Aspinwall* v. *Aspinwall, 53 N. J. Eq. 684.* That was a contract case, and the decree was for a debt which could not be enforced by imprisonment, as explained in *Adams* v. *Adams, 80 N. J. Eq. 175,* a matrimonial action, in which the remedy by contempt proceedings to collect alimony awarded by final decree was upheld. Mr. Biddle says:

"The means open to enforce alimony are available to enforce the order for costs and expenses. The grounds for these allowances are, indeed, indistinguishable, whether made for support solely or to carry on or defend the suit. Both are equally within the discretion of the chancellor, and subject to his sole power of enforcement." *Bid. Div. 170.*

In litigations of this sort, it is the duty of the husband to provide his wife with means to defend the suit, and to support her while it is pending. The measure of this duty, and whether it should be performed, rests entirely with the chancellor, depending upon the circumstances of each case. *Westcott* v.

*Hinckley, 56 N. J. Law 343; Lynde* v. *Lynde, 64 N. J. Eq.*
*736.* The present day practice of making allowances had its
origin in the principle that, at common law, the husband having,
by the marriage contract, the control of the wife's property, she
was destitute of means for her own protection. The general
rule, growing out of that situation, of supplying the wife with
weapons of defence has been modified by the statute giving to
married women property rights, but the quality of the duty
upon which it arose is undiminished. *Marker* v. *Marker, 11 N.
J. Eq. 256.* In *Hipwell* v. *Hipwell* (*1892*), *P. & D. 147,* the
costs on final decree in favor of the wife were ordered paid out
of the marriage settlement created by her estate, the husband
having absconded and there being no prospect of recovery from
him.

Now, in this case, the amount the petitioner should pay to the
defendant for her disbursements in her defence, was determined
in the progress of the suit; the counsel fee was fixed and the
other expenses estimated at the amount of the fee bill; and the
mere fact that the order for payment is embodied in the final
decree, it seems to me can make no difference in the method of
enforcement. The allowances were for expenses *pendente lite,*
and the character was not changed by the form of the order. In
*Main* v. *Main, 50 N. J. Eq. 712,* Vice-Chancellor Green awarded
alimony *pendente lite* to cover the wife's traveling expenses, and
a counsel fee, and made the order for them in the final decree.
The award could have been made by a separate order, which,
undoubtedly, could have been executed by attachment, and this
being admitted, I am unable to see the force of counsel's argu-
ment that the same course cannot be pursued when the allow-
ance is incorporated in the final decree. Taxed costs in a di-
vorce suit, not resting in contract, and not being a debt pro-
hibited by the constitution from being enforced by imprison-
ment, may be compelled by attachment.

The English Debtor's act prohibits imprisonment for "making
default in payment of a sum of money," and it is held that
taxed costs on final decree in divorce cannot be recovered by a
body writ. In the old ecclesiastical court, the practice was to
tax the wife's costs and expenses, including those on final hear-

ing, before the hearing, and to exact payment by attachment. These costs and expenses were ascertainable because all of the evidence presented on the hearing was in writing. In the present probate and divorce court, the testimony is taken orally, and because the costs cannot be conveniently ascertained before final hearing, they have the system of estimating them and compelling the husband to pay them into court or to furnish security for an amount which will approximate the entire sum, and for failure to comply, to attach him. Such orders are not regarded as within the Debtor's act. *Robertson* v. *Robertson, 6 L. R. (P. & D.) 119; Hurley* v. *Hurley (1891), P. & D. 367; Shine* v. *Shine (1893), P. & D. 289; Bates* v. *Bates, 14 P. & D. 17.* In New York it is held that the costs of an action for divorce cannot be collected by proceedings to punish for contempt. *Jacquin* v. *Jacquin, 36 Hun 378; Weill* v. *Weill, 10 N. Y. Supp. 627; Branth* v. *Branth, 13 N. Y. Supp. 360.* These cases are all based upon the civil code of procedure of that state.

The petitioner will be adjudged in contempt.