Petitioner moves the court to adjudge the surety on a neexeat bond in contempt for failure to comply with an order of the court declaring the bond forfeited and directing the surety to pay the amount due thereon. The bond is in the form permitted by chancery rule 216. The order forfeiting the bond and directing payment by the surety is a final decree in a summary proceeding; it corresponds with the judgment on scire facias on a recognizance in a law court. Elliott v. Elliott,36 Atl. Rep. 951; Schreiber v. Schreiber, 85 N.J. Eq. 303; affirmed, 86 N.J. Eq. 437.
The question is, how may the decree be enforced?
Our constitution provides in article 1, section 17: "No person shall be imprisoned for debt in any action or on any judgment founded upon contract, unless in cases of fraud." The liability of the surety is purely contractual. The fraud mentioned in the constitution may be fraud either in the creation of the debt or in the subsequent conduct of the debtor, such as a refusal to apply assets under his control to *Page 42 
the satisfaction of the judgment. Ex parte Clark,20 N.J. Law 648; Waldron v. Olsen, 81 N.J. Law 326. But there is no proof in the present case that the surety has been guilty of fraud at any stage of the matter.
The process of contempt cannot be used as a method of enforcing decrees for the payment of money due upon contracts between the parties in cases where no special equities exist; for the ultimate result of proceedings for contempt is the imprisonment of the party proceeded against. Aspinwall v. Aspinwall,53 N.J. Eq. 684. The motion must be denied. *Page 43