The bill, which prayed that defendant be restrained from prosecuting complainant at law, was dismissed for reasons stated in 121 N.J. Eq. 135; affirmed, 122 N.J. Eq. 5. The decree ordered complainant to pay defendant her costs to be taxed. Now defendant petitions that complainant be *Page 360 
adjudged in contempt for failure to pay the same. Money decrees in chancery based on contract cannot be enforced by process of contempt where no special equities exist. Aspinwall v.Aspinwall, 53 N.J. Eq. 684; Smith v. Smith, 84 N.J. Eq. 299;Gault v. Gault, 112 N.J. Eq. 41; Krafte v. Belfus, 114 N.J. Eq. 207.
Decrees for alimony or for costs in a divorce suit stand in a special class and may be collected by attachment.Adams v. Adams, 80 N.J. Eq. 175; Letts v. Letts, 85 N.J. Eq. 407.
I find no case dealing with costs on a final decree of dismissal, but the policy of the state, as illustrated by our constitution, article I, section 17, is opposed to imprisonment as a means of enforcing a demand for money, and this policy requires a denial of the petition, provided the law offers a remedy against the property of complainant. Such seems the rule in the law courts. Ritter v. Kunkle, 39 N.J. Law 618.
Section 44 of the Chancery act (Comp. Stat. p. 425) provides that a chancery decree for the payment of money shall have the effect of a judgment at law in the supreme court and shall be a lien as soon as an abstract of the decree is filed in the office of the supreme court clerk. If the decree in question is within the scope of this section, the ordinary writ of execution is available. But petitioner argues that a decree for costs is outside the section, citing Close v. Close, 28 N.J. Eq. 472.
The court held that a decree in that suit for counsel fees and costs was not a lien by force of the statute, but this was the reason: no abstract of the decree had been filed in the supreme court clerk's office. This decision is not authority for the proposition that section 44 does not apply to decrees for costs. A decree for costs is one "whereby any sum of money shall be ordered to be paid by one person to another," and so is within the express words of the statute.
Section 84 enacts that "the payment of costs when awarded may be compelled by writ of fieri facias or capias adsatisfaciendum issuing out of the said court or by subpoena and attachment." The practice of issuing writs of fieri facias for costs on decrees of dismissal is well established in accordance *Page 361 
with this authority. Process of contempt will not be allowed since execution is available.
There is another reason for denying the application. The answer of complainant — the cause is before me on petition and answer — shows that he has not willfully violated the decree; that he has no means or assets with which to pay the taxed costs and further that he has been adjudicated a bankrupt. This is a good defense to the petition. Walton v. Walton, 54 N.J. Eq. 607; GrandLodge, Knights of Pythias, v. Jansen, 62 N.J. Eq. 737.