GEO. C. HUBBARD, Adm'r of the Estate of HENRY L. HAST-
INGS, Deceased, v. LULU R. ELLITHORPE ET AL., Ap-
pellants.

**Attorneys:** LIEN FOR SERVICES. The lien of an attorney for his
services attaches, under a statutory notice thereof, to the
money due on the judgment when paid by the debtor to the
clerk in satisfaction of the judgment, but subject to the
claimed lien.

**Same:** LIEN ON JUDGMENT FOR ALIMONY. While it is the general
rule that an attorney's lien will not attach to a judgment for
simply temporary alimony; yet, where the decree of divorce
makes a final settlement of all property rights, according to
the party obtaining the divorce a money judgment for such
party's interest therein, the attorney may have a lien thereon
for his services in the action.

**Same:** NEGLIGENCE OF ATTORNEY: BURDEN OF PROOF. A party seek-
ing to avoid the payment of attorney's fees for services in
obtaining a divorce, on the ground of the attorney's negli-
gence in failing to procure a larger fee from the defendant,
has the burden of proof on the issue of such negligence.

**Same:** ENFORCEMENT OF LIEN: JUDGMENT. In establishing and en-
forcing an attorney's lien against money due the client, the
rendition of a personal judgment against the client for the
amount is a matter of which he has no cause for complaint.

**Same:** NECESSARY PARTIES. In a suit to establish an attorney's lien
against a judgment for alimony, which has been paid to the
clerk of court, the judgment debtor is not a necessary party.

*Appeal from Ida District Court.*— HON. F. M. POWERS,
Judge.

WEDNESDAY, JULY 3, 1907.

SUIT in equity brought by the plaintiff as administrator
of the estate of Henry L. Hastings, deceased, to recover an
attorney's fee against Lulu R. Ellithorpe, for services in
procuring a divorce for her, and to establish an attorney's

lien. upon certain funds now in the hands of the clerk of the district court of Ida county. There was a decree for the plaintiff, from which Lulu R. Ellithorpe appeals.— *Affirmed.*

*P. W. Harding,* for appellants.

*Johnston Bros.,* for appellee.

Sherwin, J.— The firm of which the plaintiff's intestate was a member was employed by the defendant Lulu R. Ellithorpe to procure a divorce for her. The case was contested, and, after trial, the plaintiff was given

1. Attorneys: lien for services.

a decree of divorce and permanent alimony in the sum of $3,000. While the case was pending, temporary alimony and suit money in the sum of $400 was awarded the plaintiff. After the judgment of divorce had been entered fixing the permanent alimony at the sum stated, the attorneys for Lulu R. Ellithorpe made a memorandum on the record as follows: " We hereby file and claim a lien on the within judgment in the sum of $1,000." After this memorandum had been made, the defendant paid the amount of the judgment to the clerk of the district court, and $1,000 thereof has remained in his hands and is now held by him, awaiting final disposition of this case. Code, section 321, provides:

An attorney has a lien for a general balance of compensation upon money due his client in the hands of the adverse party . . . upon an action or proceeding in which the attorney claiming the lien was employed. . . . After judgment in any court of record, such notice may be given, and the lien made effective against the judgment debtor by entering the same in the judgment or combination docket opposite the entry of judgment.

The appellant contends that an attorney has no lien upon a judgment, but only upon money while in the hands of the

adverse party, that the statute does not provide that an attorney may have a lien upon money when paid into the hands of the clerk of the district court.   It is further claimed that an attorney is not entitled to a lien on alimony secured by him in a divorce proceeding, and that he can only recover for his services such sum as has been allowed by the court to be paid by the opposite party.   Of these questions in their order.

It is true the statute does not give an attorney a lien on the judgment itself, but provides only that he may have a lien upon money in the hands of the adverse party, but it does provide that the notice of a claim to the money in the hands of the adverse party shall be given by the memorandum note on the judgment or combination docket.   The filing of this notice is sufficient to protect the attorney against payment of the judgment by the party against whom it is rendered, and, if the judgment debtor pays the judgment notwithstanding the notice, he does so at his own peril, but we know of no sound reason why the judgment debtor may not pay the money into the hands of the clerk conditionally — that is, he may deposit it with the clerk, making the clerk his agent for the purpose of protecting him against the attorney's lien, and enter into an arrangement with the clerk whereby the fee due the attorney may be turned over to him when the amount to which he is entitled is determined — and this we take from the nature of this proceeding and the record is what was done in this case.

As we understand it, it is conceded that the clerk still holds $1,000 of the judgment for the sole and only purpose of satisfying the amount which shall be found due the attorneys.   This was the view taken by Judge Wright in a dissent in *Fisher v. Oskaloosa*, 28 Iowa, 381, and in the main opinion in that case the majority of the court recognized the fact that conditions might arise when it would be permissible for the judgment debtor to pay the money to the clerk of the court, but in the *Fisher* case the controversy

was between the judgment debtor and the attorney, and the holding there was that, as between the two, the former had no right to pay the money to the clerk under the conditions there presented. In this case the controversy is an entirely different one, there being no question between the plaintiff and the judgment debtor, but only between the plaintiff and the judgment creditor, and the latter is surely in no position to complain because the debtor paid the judgment as he was bound to do, unless he refrained from so doing because of the attorney's notice. In either event the situation of the judgment creditor could not be changed.

The appellant very seriously urges that an attorney can have no lien upon alimony awarded in a divorce action. This may be conceded to be the rule so far as temporary alimony is concerned. In fact, the rule seems to be pretty general that such a lien cannot be had where temporary support money or temporary alimony is alone involved. But the converse of this rule is well established where the decree of the court makes a final division of the property, awarding to the party obtaining the divorce specific property, or, in lieu thereof, a money judgment representing such party's interest in the property of the adverse party. In this State the property rights of the parties to a divorce proceeding are generally determined upon the trial, and the final distribution is made of the property in order that the parties may thereafter remain independent of each other; and, in making this distribution, the court must of necessity estimate and consider the property of both parties, and adjudicate the claims that may exist between them. Thus in *Patton v. Loughbridge,* 49 Iowa, 218, it was held that a claim of the husband for property of which he had been defrauded by his wife would be presumed to have been adjudicated in an action by the wife for a divorce in which there was a decree allowing alimony. In *Byers v. Byers,* 21 Iowa, 270, it was said that in a divorce action the property equities or property rights of the parties

2. SAME: lien on judgment for alimony.

should be finally settled. And this has been the rule in this State for a great many years. See, also, on this subject *Lynde v. Lynde,* 181 U. S. 183 (21 Sup. Ct. 555, 45 L. Ed. 810), and the same case in 162 N. Y. 405 (56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332); *Calame v. Calame,* 24 N. J. Eq. 440. The decree in this case divided the property, and the judgment was payable without any conditions, and it is clearly ruled by the cases cited. The cases from our own State cited by the appellants in support of their contention on this branch of the case are not in point.

The appellants further contend that there was negligence on the part of Mrs. Ellithorpe's attorneys because they did not procure a larger attorney's fee from her husband in the divorce proceeding, but there is nothing in the record tending to sustain this claim. Two applications for temporary alimony and suit money were in fact made, and the record shows that the larger part of the total so awarded was used in the legitimate expenses of the trial aside from the attorney's fees. The defendant Lulu R. Ellithorpe was, of course, primarily liable for the services of her own attorneys, and, in order to defeat their recovery in this action, the burden would rest upon her to establish such negligence on the part of her attorneys as would release her from liability to them, and this she has not done.

3. SAME: negligence of attorney: burden of proof.

The court rendered a personal judgment against the defendant, and established the plaintiff's lien on the fund in the hands of the clerk, and the appellant complains of the personal judgment. We do not see what difference it could make to her whether she pays the claim from the money in her own possession, or whether it is paid from the fund in the hands of the clerk.

4. SAME: enforcement of lien: judgment.

The appellant makes the further point that the divorced husband, N. S. Ellithorpe, was a necessary party to this suit, but we are unable to agree with her position. As

we have heretofore shown, he had paid the money to the
5. SAME: necessary parties. clerk conditionally, and the money being in the clerk's hands awaiting the determination of the plaintiff's right thereto, it is within the reach of the court whether N. S. Ellithorpe be a party or not. The clerk was made a party, and he has not appealed from the order requiring him to pay the money over in satisfaction of the judgment, and we are unable to find any reason why Ellithorpe was a necessary party defendant. No question seems to be made in argument as to the amount allowed the plaintiff for the services of the attorneys, and we do not consider that question.

On the record before us we have no question as to the correctness of the judgment of the trial court, and it is therefore *affirmed*.