SALLIE HILLEARY, Plaintiff (HARRY A. FRANK
et al., Appellants), v. GEORGE W. HILLEARY,
Defendant.

St. Louis Court of Appeals. Argued and Submitted March 4, 1915.
Opinion Filed April 6, 1915.

ATTORNEY AND CLIENT: Attorney's Lien: Judgment for
Alimony. Sec. 964, R. S. 1909, giving attorneys a lien upon their
clients' cause of action, which attaches to the judgment and the
proceeds thereof and cannot be affected by any settlement be-
tween the parties, does not apply to a judgment for alimony
awarded a wife for her maintenance and support, in an action
for divorce, and hence attorneys who appeared for a wife in
her suit for divorce, wherein she obtained a decree and a
judgment for alimony, were not entitled to any lien on the
alimony awarded their client, and could not have her satis-
faction of the judgment vacated to the extent of their claims for
fees and an award of execution therefor against the defendant.

Appeal from St. Louis City Circuit Court.—*Hon.
Rhodes E. Cave*, Judge.

AFFIRMED.

*Bishop & Cobbs* for appellants.

(1) "An attorney who appears for a party has a
lien upon his client's cause of action or counterclaim,
which attaches to the verdict, report, decision or judg-
ment in his client's favor, and the proceeds thereof in
whosesoever hands they may come; and cannot be af-
fected by any settlement between the parties before
or after judgment." Sec. 964, R. S. 1909. Sec. 965,
R. S. 1909; Wait v. Railroad, 204 Mo. 491, 503; Bishop
v. United Railways Co., 165 Mo. App. 226; Lawson v.
Missouri & Kansas Telephone Co., 178 Mo. App. 124;
Young v. Renshaw, 102 Mo. App. 173, 187; Curtis v.
Railroad, 118 Mo. App. 341, 350; O'Connor v. Transit
Co., 198 Mo. 622, 641. (2) Instructions, in writing by

a judgment creditor to her attorneys to collect their fees out of the judgment for alimony, constitutes an assignment of the judgment as security for the fees and is binding on defendant after notice to him. Secs. 2156-2157, R. S. 1909; Lawson v. Missouri & Kansas Telephone Co., 178 Mo. App. 124, 132; Knapp-Stout & Co. v. Standley, 45 Mo. App. 264, 269; Young v. Renshaw, 102 Mo. App. 173, 186-187.

No brief filed for respondent.

REYNOLDS, P. J.—On November 2, 1910, Mrs. Sallie Hilleary, as she then was, brought her action against her then husband, George W. Hilleary, for divorce. Her petition was drawn up and she was represented in the case by Harry A. Frank and D. J. Sullivan, Esquires, as her attorneys, either directly or by attorneys whom they had associated with them in the conduct of the case. The husband, defendant, filed his answer, a general denial. Thereafter, on June 26, 1911, plaintiff filed her motion for alimony *pendente lite* and for suit money. This motion coming up for hearing was denied by the court on February 17, 1911. Thereafter on April 3, 1911, defendant not further appearing, a decree of divorce was awarded plaintiff, together with a judgment of $35 per month for alimony. It appears that subsequently Mrs. Hilleary married and that she appeared in vacation before the clerk of the circuit court in which the decree had been rendered and of which it was of record, and under her new name acknowledged satisfaction of the judgment on July 9, 1912, "for value received," this being entered on the margin of the judgment record and duly attested by the clerk of the court. Thereafter on April 9, 1913, the above-named attorneys of plaintiff filed their motion to set aside this satisfaction of judgment *pro tanto,* setting out in the motion that they had rendered services to plaintiff in bringing and prosecuting the cause;

189M.A.45

its trial; obtaining the resulting decree of divorce and judgment for alimony; that the services rendered plaintiff by the moveants or petitioners were reasonably worth $75; that plaintiff has been unable and has failed to pay the petitioners for their services rendered in obtaining the decree and judgment; and averring that in June, 1911, plaintiff had notified the petitioners, through their associates, that she was sick and unable to pay for legal services in connection with the litigation and that these fees would have to be paid out of the judgment against defendant. The petitioners thereupon claimed that under section 964, Revised Statutes 1909, they have a lien on the judgment for the amount of their fees, and that after the defendant had been notified that the fees for services rendered to plaintiff were a lien on the judgment and would have to be paid out of the judgment as plaintiff was unable to pay them, that plaintiff and defendant, for the purpose of defrauding the petitioners out of their fees, had attempted a settlement between themselves without the knowledge, advice or consent of the petitioners, and on or about July 9, 1912, had caused to be entered of record a satisfaction of the judgment before set out. Averring that notice and knowledge of this entry of satisfaction had just come to the petitioners and that the satisfaction had been made without their knowledge or consent, for the purpose of defrauding them and depriving them of their fees and preventing them from obtaining their lawful fees and compensation for services rendered in the cause, they moved the court to set aside the satisfaction as entered "*pro tanto* to the extent of your petitioners' lien herein, to-wit, $75, and to award execution in favor of your petitioners and against the defendant George W. Hilleary herein, for the sum of $75 and costs and for such other orders as to the court may seem meet and proper."

This motion coming up for hearing before the court, the Honorable Rhodes E. Cave presiding, one of

the attorneys who had represented the petitioners and
who had been associated with them in the conduct of
the case, testified in effect to the matters set out in
the motion. He further testified that he thought $50
on behalf of Mr. Sullivan and $25 on behalf of Mr.
Frank would be a reasonable charge; that nothing had
been paid on the judgment for alimony, or otherwise,
so far as he knew; that Mrs. Hilleary had told him that.
He also testified that counsel rendered a bill to Mrs.
Hilleary amounting to $50; that she had deposited $28
with the clerk of the court, $3 for filing fee and $25 to
secure the costs of the clerk; that after the decree was
entered the clerk returned a part of that amount,
amounting to about $10, which counsel testified had
been credited on her bill.

In a letter from Mrs. Hilleary to counsel she has
written, among other matters: "I have not and do not
expect to collect alimony, but if he (Mr. Hilleary) will
not at least pay $25 to you, I will proceed to collect at
least that much." This witness afterwards wrote to
Mr. Hilleary and he wrote back that he had an un-
derstanding with Mrs. Hilleary's sister that he was not
to pay the alimony. It was after this that the satis-
faction of the judgment was entered. This was all the
testimony in the case and at its conclusion the motion
to set aside the judgment and for execution was de-
nied.

From this action of the trial court the petitioners,
Messrs. Frank and Sullivan, have appealed to this
court.

The learned counsel for appellants have cited pos-
sibly all of the principal cases in our State bearing
on the right of attorneys to a lien on a judgment for
their fees, in several of the cases it having been held
that where the judgment had been satisfied or paid
without the knowledge, and over the heads of counsel,
that satisfaction could be set aside and an execution is-
sued, *pro tanto,* to enforce the lien of the attorneys for

their services in the case. Not one of these cases, however, is of any relevancy to the case at bar. In none of them was the judgment sought to be reached a judgment awarding alimony. Of such a judgment it has been held by our court in Motley v. Motley, 93 Mo. App. 473, l. c. 481, 67 S. W. 741: "Alimony, as distinguished from suit money, is founded on the duty of the husband to maintain the wife and it is the duty of the judiciary to enforce this duty in a proper case. In recognition of this duty the Legislature has enacted section 2927, Revised Statutes 1889 (now section 2375, Revised Statutes 1909), which provides that the court, when it renders a decree of divorce in favor of the wife, may allow alimony to her in gross or from year to year and make the same a lien on the husband's real estate, thus enforcing upon the husband the duty of maintaining his wife who has been legally separated from him on account of his wrongdoing." It is clear that suit money is one thing and alimony another. Here the relief sought is solely against the alimony awarded.

In the case at bar suit money, so-called, was denied, alimony alone being awarded when the final decree granting the divorce was rendered. In the certified transcript of the record (short form as it is usually called), we find that following the entry of the order denying the motion of petitioners, this notation "memo. filed." That memorandum was not brought up by counsel, indeed they were under no obligation to bring it up. But as we had no brief on the part of respondent, and the question was a new one, we have examined that memorandum, and on consideration of it and consultation of the authorities therein cited, have concluded that it states the law of the case so completely that we adopt it as our own opinion in the case. That memorandum of the court is as follows:

"The motion of plaintiff's attorneys to set aside satisfaction of judgment *pro tanto* in this case will, in the opinion of the court, have to be overruled.

"As indicated by the court on oral argument, there is a marked distinction between suit money and support money which has been continuously recognized by our courts, and it was never the intention, in the opinion of the court, that suit money should be provided from the support money. For that reason the court indicated to counsel at the oral argument that there having been an application for suit money and for support money, and the allowance of support money alone having been made and the suit money having been denied, there was an adjudication by the court in this case that counsel should not be allowed to recover suit money.

"The previous action of the court to the side, however, the court is of the opinion that an allowance of alimony for maintenance and support is not such a judgment as is contemplated by the statute giving an attorney a lien. That there can be no lien on alimony awarded for maintenance and support has been held under various statutes recognizing attorney's lien; see Branth v. Branth, 10 N. Y. Supp. 638; Weill v. Weill, 10 N. Y. Supp. 627; Putnam v. Tennyson, 50 Ind. 456; In re Bolles, 79 N. Y. Supp. 530; Canney v. Canney, 131 Mich. 363.

"In some of these cases it is even held that where the attorneys for the wife had, in fact, collected the support money and had it in their possession, they cannot, when sued therefor, set off as against the wife, their claims for attorney's fees or for costs paid by them in the divorce proceeding.

"For these reasons the motion to set aside satisfaction of judgment *pro tanto* is overruled."

In addition to what is so well said by the learned trial judge we find that in 3 Am. & Eng. Ency. of Law (2 Ed.), p. 456, par. d., the compilers of that work have said: "An attorney is entitled to a lien on the alimony secured by him for his client in a divorce proceeding but only to the extent of his fees and costs

taxed and included in the allowance of alimony. He cannot enforce any lien against the remainder of the allowance, either for special fees in that case or otherwise.''

Here there were no taxed fees.

In 4 Cyc., p. 1012, note 81, it is said there can be no lien on alimony awarded, citing cases, practically the cases cited by the learned circuit judge.

On these authorities, our conclusion is that the action of the circuit court in overruling the motion should be and it is affirmed. *Nortoni* and *Allen, JJ.,* concur.