PER CURIAM,
Affirmed.
DOWNEY, C. J., and CROSS and BERA-NEK, JJ., concur.
ON MOTION FOR CLARIFICATION
CROSS, SPENCER C., Associate Judge.
The Department of Health and Rehabilitative Services (hereinafter Department) is joined by Harvey M. Alper, Esquire, as Guardian ad Litem of Karen Denise Marcus, a child, in requesting a clarification of this court’s decision rendered in State Department of Health & Rehabilitative Services et al. v. Alper et al., 375 So.2d 571 (Fla. 4th DCA 1979), wherein this court affirmed per curiam without opinion an order of the trial court enjoining the Department from recouping costs of a parental support proceeding from funds paid weekly for support of Karen Denise Marcus. Because the instant case presents an issue which is of great public interest, we have granted the joint motion for clarification in order to more fully express our reasons for affirming the trial court’s decision.
William Ralph McCroskey and Ola McCroskey, the maternal grandparents and custodians and guardians of Karen Denise Marcus, applied to the Department for aid in prosecuting a claim for child support payments against George Marcus, the child’s natural father. The application procedure required that the McCroskeys execute a power of attorney and a contract which provided, inter alia, that the Department be allowed to retain ten percent (10%) of all support payments received until such time as all costs incurred by the Department in prosecuting the claim were recouped. A guardian ad litem was appointed to protect the interests of the child in the proceedings in the trial court.
Subsequently, through negotiations, a stipulated judgment was entered under which the child’s father was required to pay *572 the sum of $28 per week as child support to be collected by the clerk of the court, disbursed to the Department and then remitted to the guardian ad litem in support of the child. Thereafter, the Department notified the guardian ad litem of its intention to retain 10% of each payment until the sum of $245.95, the amount of costs incurred by the Department, had been recouped. The guardian ad litem filed a motion to prohibit the Department from recouping such costs on the ground that such action would visit a manifest injustice upon the child since she required all available monies for her proper support. After hearing, the lower court entered an order enjoining the Department from recouping costs from the monies paid for the child’s support. The Department then filed an interlocutory appeal, which resulted after full consideration of the issues raised therein, in this court’s affirmance of the trial court’s decision. The parties then filed their respective motions for clarification.
The Department relies on Section 409.-2567, Florida Statutes (Supp.1978), in support of its right to recoup its costs from child support payments. At the time the guardian ad litem filed his motion to prohibit recoupment of costs, Section 409.2567, Florida Statutes (1977), provided:
409.2567. Services to individuals not otherwise eligible — All child support collection and paternity determination services provided by the department shall be made available to any individual not otherwise eligible for such services, upon proper application filed with the department. The department shall establish a reasonable application fee for services provided under this section and may recover any costs incurred in the collection of child support, which costs are in excess of the application fee, from any amounts of child support so collected. (Emphasis added)
It was upon this provision that the lower court based its decision to prohibit the re-coupment of costs. The judge reasoned that use of the words “may recover” indicated that the recoupment of such costs was discretionary with the Department and the policy relied upon by the Department that such costs be recouped in all cases not only contradicted the clear terms of the statute, but also violated procedural due process and was in contravention of the Department’s own administrative rules which provided for an administrative hearing procedure to challenge the assessment of fees charged for departmental services. See Rules 10C-25.04 and 25.05, Rules of the Department of Health and Rehabilitative Services, Fla. Adm.Code. Finally, the court found that the child was in need of all available monies and that recoupment of costs by the Department would result in a manifest injustice to the child.
However, while the guardian ad litem’s motion was under consideration, and unknown to the trial court, Section 409.2567, Florida Statutes (Supp.1978), became effective July 1, 1978, and provided:
409.2567. Services to individuals not otherwise eligible — All child support collection and paternity determination services provided by the department shall be made available to any individual not otherwise eligible for such services, upon proper application filed with the department. The department shall recover to the extent possible any costs incurred in the collection of child support under this section. (Emphasis added)
The Department now emphasizes the use of the words “shall recover,” which replaced the words “may recover” of the former statute, to argue that the legislature clearly intended the Department to recoup all costs and that the Department has no discretion in the matter. More significant than the change from “may” to “shall” is the fact that the new statute effective upon the date of the lower court’s order no longer provides for recoupment of costs from the amounts of child support collected. It appears that the legislature intended to alter the procedure for collecting costs by placing the burden on the defendant in such child support actions to pay costs (See Section 409.2571, Florida Statutes (1977) rather than have the money deducted from the one who can least afford to pay such costs — the child himself. Thus, the trial court was *573 eminently correct in enjoining the Department from recouping its costs from the child support payments.
Accordingly, the motion for clarification is granted, and the foregoing is adopted as the opinion of the court.
DOWNEY, C. J., concurs.
BERANEK, J., concurs in part and dissents in part.