WENTWORTH, Judge.
This is an appeal from an order requiring a portion of child support money, remitted following legal efforts by the Department of Health and Rehabilitative Services, to be paid directly to the custodial parent for current obligations accruing after termination of HRS assistance, although the remaining money was insufficient to reimburse the department for public assistance previously paid on behalf of the dependent child. We affirm.
The legislatively declared public policy behind the child support enforcement provisions of our statutes is to maintain children from the resources of the responsible parents, thereby relieving the burden currently borne by the general citizenry through public assistance programs. § 409.2551, Florida Statutes. The law provides that any payment of public assistance money made for the benefit of any dependent child creates a debt due and owing to the department by the responsible parent. § 409.2561, Florida Statutes. However, that section specifically provides that “[pjriority shall be given to establishing continuing reasonable support for the dependent child.” This provision is not inconsistent with the federal statutes asserted by the department as governing its aid to families with dependent children. 42 U.S.C.A. § 654 provides in pertinent part:
A state plan for child support must — (5) provide that, in any case in which child support payments are collected for a child with respect to whom an assignment under section 602(a)(26) of this title is effective, such payments shall be made to the State .. . and shall not be paid directly to the family except that this paragraph shall not apply to such payments .. . for any month in which the amount collected is sufficient to make such family ineligible for assistance under the State plan - (e. s.)
Upon consideration of the record facts and applicable law, we conclude the trial court here properly ordered that the children’s present support needs were to be met before HRS was reimbursed. The order is accordingly affirmed.
ERVIN and SHAW, JJ„ concur.