452 So.2d 1071 (1984)
Robert M. BRAKE, Appellant,
v.
Vivian SANCHEZ-LOPEZ and Richard C. Castillo, Appellees.
No. 84-883.
District Court of Appeal of Florida, Third District.
July 10, 1984.
Robert M. Brake, Coral Gables, for appellant.
Whitman, Wolfe & Gross and Irving J. Whitman, Miami, for appellees.
*1072 Before NESBITT, DANIEL S. PEARSON, and JORGENSON, JJ.
NESBITT, Judge.
Brake, an attorney, appeals a nonfinal order denying his motion to enforce a charging lien and granting Sanchez-Lopez's motion to compel the remittance of child support payments received by him.
Brake represented Sanchez-Lopez in paternity proceedings against Richard C. Castillo. He obtained a final judgment awarding Sanchez-Lopez $2,150 for medical and other expenses connected with prenatal care and birth of the child and $115 per month child support.
Brake, after applying Sanchez-Lopez's deposit and the court's award of attorney's fees and costs, asserted that Sanchez-Lopez still owed him $1,874.15. He claimed a charging lien against the judgment, notifying both parties of the claim. Castillo, after notice of Brake's lien, paid $2,105 in cash directly to Sanchez-Lopez as partial satisfaction of the $2,150 medical and expense award. This payment avoided Brake's charging lien. When Brake moved to enforce the charging lien his request was denied and he was compelled to remit to Sanchez-Lopez any child support payments he had received from Castillo.
We perceive from the record and oral argument that the trial court did not resolve the question of whether a contract sufficient to support a charging lien existed in fact, but only determined, as a matter of law, that a charging lien could not be imposed against monies awarded in a paternity action. Therefore, the issue we are deciding is whether an attorney's charging lien may be imposed against awards of child support and medical and other expenses made in a paternity proceeding.
A number of jurisdictions have held that a charging lien cannot be imposed against alimony awards. Hubbard v. Ellithorpe, 135 Iowa 259, 112 N.W. 796 (1907) (temporary alimony and support not subject to a charging lien); Sanner v. Sanner, 46 S.W.2d 936 (Mo. Ct. App. 1932); Turner v. Woolworth, 221 N.Y. 425, 117 N.E. 814 (1917); Rosen v. Rosen, 97 A.D.2d 837, 468 N.Y.S.2d 723 (App.Div. 1983); Mooney v. Mooney, 29 Misc. 707, 62 N.Y.S. 769 (Sup. Ct. 1899). In Florida, it has been held that a charging lien is unenforceable against an award of permanent periodic alimony when its enforcement would deprive a former spouse of daily sustenance or the minimal necessities of life. Dyer v. Dyer, 438 So.2d 954 (Fla. 4th DCA 1983). The rationale is that enforcement of a lien which defeats the essential purpose of the award and leaves the spouse unable to maintain him or herself is against public policy. The reasoning applies with greater force to an award of child support payments. Such payments are obtained by a custodian on behalf of minor children and are intended for their support and maintenance. Both the Florida legislature and the Florida courts have recognized the importance of protecting against the diversion of support payments from their intended beneficiaries. § 409.2561(1), Fla. Stat. (1977).[1]State, Department of Health & Rehabilitative Services v. King, 390 So.2d 1224 (Fla. 1st DCA 1980); Department of Health and Rehabilitative Services v. Alper, 375 So.2d 571 (Fla. 4th DCA 1979).
In those jurisdictions which have decided the question, enforcement of a charging lien has not been allowed to nullify an award determined to be necessary to assure the support of a child. Fuqua v. Fuqua, 558 P.2d 801, 804-06 (Wash. 1977) (en banc); Sanner. Recognizing the importance of ensuring that children are adequately supported and maintained, we hold that an attorney's charging lien is not enforceable against child support payments.
The $2,150 award for medical and other expenses is of a different nature. That is an award to Sanchez-Lopez compensating her for expenditures made for the *1073 prenatal care and birth of the child. Where, as in this case, the recipient of the award is not impecunious, enforcement of a charging lien is appropriate. We leave for a future case the decision of whether such a rule would apply where enforcement of the lien would leave the successful party unable to meet the obligations necessary to maintain herself and her family.
We affirm that portion of the trial court's order which denied enforcement of a charging lien against child support payments. We reverse as to that portion which denied a lien against the compensatory award. As to these proceeds, the award is enforceable against the parties in the same action where, as here, they have avoided the lien after notice of the claim. Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943).
We note that in order for a charging lien to be imposed there must be an understanding between the parties, express or implied, that payment of attorney's fees is either dependent on recovery or will come from recovery. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla. 1983). Accordingly, we remand the case so that the trial court may make a determination of whether such an understanding existed.
Affirmed in part; reversed in part and remanded.
JORGENSON, Judge, dissenting.
I respectfully dissent. In my view there is no difference between child support payments and the costs incident to giving birth to the child. I would affirm in all respects.
NOTES
[1] Section 409.2561(1) reads in pertinent part:

Priority shall be given to establishing continuing reasonable support for the dependent child.