566 So.2d 574 (1990)
Garry M. GLICKMAN, Appellant/Cross Appellee,
v.
Coralie SCHERER, Appellee/Cross Appellant, and
James P. O'Flarity, Appellee/Cross Appellee.
No. 89-0140.
District Court of Appeal of Florida, Fourth District.
August 29, 1990.
Rehearing and Reconsideration Denied September 26, 1990.
Curtis L. Witters of Glickman, Witters and Marell, P.A., West Palm Beach, for appellant/cross appellee.
Coralie Scherer, Belmont, Cal., pro se.
James P. O'Flarity of Law Offices of James P. O'Flarity, P.A., West Palm Beach, for appellee/cross appellee.
*575 PER CURIAM.
Appellant, Garry Glickman (Glickman), and his former-wife, appellee, Coralie Scherer (Scherer), appeal from final judgments enforcing Scherer's former attorney's charging lien for services rendered in a suit for modification of final judgment of dissolution. We reverse.
Scherer retained appellee, an attorney, for representation in response to her former husband's suit for modification. Glickman's suit sought a change in custody of the couples' minor child. The attorney represented Scherer throughout trial and, with an appeal pending, withdrew, citing his client's inability to pay. He then filed a notice of charging lien. Glickman and Scherer, thereafter, entered into an agreement, without notice to the former attorney, resolving their dispute and dismissing the appeal. The joint agreement modified child custody, visitation and support regarding the couples' minor child.
The attorney filed a motion to enforce his charging lien and at the hearing offered evidence as to the reasonable value of his services rendered. The trial court enforced the charging lien by two separate judgments. The first judgment ordered Glickman to pay $6,236.00 and held Scherer liable for any additional fees due and owing on the retainer agreement. The second judgment ordered Scherer to pay $6,607.29 in satisfaction of the additional fees.
The requirements for the imposition of a charging lien are:
1. There must be a contract between the attorney and client.
2. There must be an understanding, express or implied, between the parties that the payment is either dependent on recovery or that payment will come from the recovery.
3. The remedy is available where there has been an attempt to avoid the payment of fees, or a dispute as to the amount involved.
4. There are no requirements for perfecting a charging lien beyond "timely notice."
Zimmerman v. Livnat, 507 So.2d 1205, 1206 (Fla. 4th DCA 1987) (citing Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983)). Proof of services rendered is insufficient to create an attorney's charging lien. The Third District in Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (1988) stated:
It is not enough, however, to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services. And although it is said that a charging lien attaches to the judgment, where there are no proceeds of the judgment, there is nothing to which a lien may, as a practical matter attach.
Id. at 91-92 (footnote and citations omitted) (emphasis in original).
Charging liens are readily enforced in marital dissolution cases involving a transfer of assets. See, e.g., Hutchins v. Hutchins, 522 So.2d 547 (Fla. 4th DCA 1988). However, the nature of the representation in this case  child custody, child support and visitation  would not produce "tangible fruits" to which a lien may attach. Child support, the sole transfer of tangible proceeds here, is not subject to an attorney's charging lien. Brake v. Sanchez-Lopez, 452 So.2d 1071 (Fla. 3d DCA 1984) (child support is not an asset to which a charging lien may attach).
We, therefore, reverse the final judgments ordering payment of the charging liens and remand this cause with directions to the trial court to dissolve the charging lien. Our reversal is without prejudice to Scherer's former attorney's right to exercise other remedies which may be available.
REVERSED and REMANDED.
LETTS, DELL and STONE, JJ., concur.