■ SALLY SCHELTER, Plaintiff, v BRUCE H. SCHELTER, Respondent-Appellant. CYRUS KLONER, Appellant-Respondent. [614 NYS2d 853] —Order unanimously affirmed with costs to defendant. Memorandum: Funds held in escrow or in a custodial capacity are not subject to an attorney's retaining lien *(see, Marsano v State Bank of Albany,* 27 AD2d 411, *appeal dismissed* 23 NY2d 1018; *Entertainment & Amusements v Barnes,* 49 Misc 2d 316). Thus, the sum of $8,000, held by defendant's former attorney subject to further direction by the court as part of an undertaking pending the appeal of a judgment for arrears in child support, was not subject to the former attorney's retaining lien, and Supreme Court properly directed that the attorney transfer those funds to defendant's current attorneys. We note that, even if the funds were treated as payments for child support, we would conclude that such payments are not subject to an attorney's retaining lien *(cf., Levine v Levine,* 206 Misc 884; *see also, Law Off. of Tony Center v Banker,* 185 Ga App 809, 366 SE2d 167).

The court properly denied defendant's motion for counsel fees. Domestic Relations Law § 237 (c) does not apply to a motion for an order compelling an attorney to transfer funds held in escrow, regardless of the fact that the funds constitute part of an undertaking pertaining to a judgment for child support arrears. (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Attorney's Lien.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.