**SUE DAVIDSON, P.C., Appellant (Plaintiff),**

v.

**Lou Ann NARANJO, Appellee (Defendant).**

No. 94–178.

Supreme Court of Wyoming.

Oct. 13, 1995.

Sue Davidson, P.C., Appellant pro se.

No appearance for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Appellant Sue Davidson, an attorney, attached an attorney lien on child support payments paid to her client, appellee Lou Ann Naranjo, in an attempt to recover attorney fees and costs rendered on the client's behalf. Davidson appeals the district court's order dismissing the action to have the funds paid to her.

We affirm.

### ISSUE

Davidson presents one issue:

Does Wyoming's Attorney Lien Statute, Wyo.Stat. § 29–1–102(a)(ii) (1981) which states that an attorney shall have a lien for compensation due and that the lien thereby attaches upon money due the client from an adverse party, authorize an attorney's charging lien attachment upon a non-paying client's child support award where the award is the direct result of the efforts and services of the attorney; and, where the attorney has exhausted other means of collection?

No opposing brief was submitted by Naranjo.

### BACKGROUND

Davidson represented Naranjo in an action to recover unpaid child support payments from Naranjo's ex-husband and to modify the divorce decree to increase the amount of the child support obligation. In an effort to recover fees and costs for her services, Davidson attached an attorney lien pursuant to W.S. 29–1–102(a)(ii) (1981 Rpl.) on the child support payments which were received by the clerk of the district court and filed a Motion to Pay Funds to Counsel. The district court dismissed Davidson's action, ruling that attorney liens cannot attach to child support monies. Davidson timely appealed.

### STANDARD OF REVIEW

Under our well-established rules of statutory construction, we "endeavor to interpret statutes in accordance with the Legislature's intent." *Halpern v. Wheeldon*, 890 P.2d 562, 564 (Wyo.1995); *State Dep't of Revenue & Taxation v. Pacificorp*, 872 P.2d

1163, 1166 (Wyo.1994). " '[T]he initial step in arriving at a correct interpretation * * * is an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land & Cattle Co. v. Game & Fish Comm'n,* 845 P.2d 1040, 1042 (Wyo.1993) *(quoting Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). " '[W]e give effect to every word, clause and sentence and construe all components of a statute in pari materia.' " *Parker Land & Cattle,* at 1042 *(quoting City of Laramie v. Facer,* 814 P.2d 268, 270 (Wyo.1991)). We must first determine whether a statute is clear or ambiguous. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations. *Halpern,* at 564–65. Whether an ambiguity exists in a statute is a matter of law to be determined by the court. *Id.,* at 565; *Parker Land & Cattle,* at 1043. If the language of the statute is plain and unambiguous, we apply its plain meaning and need not consult the numerous rules of statutory construction. *Houghton v. Franscell,* 870 P.2d 1050, 1054 (Wyo.1994).

### *DISCUSSION*

Davidson claims she is entitled to have an attorney lien attach upon the child support payments because the lien falls within the scope of Wyoming's attorney lien statute. The attorney lien statute, W.S. 29–1–102, states in pertinent part:

(a) For professional services performed on behalf of a client, an attorney shall have a lien for compensation due him from the time of giving notice of the lien. The attorney's lien attaches upon:

\*      \*      \*      \*      \*      \*

(ii) Money due his client and in the possession of an adverse party.

We find W.S. 29–1–102(a)(ii) to be clear and unambiguous. The purpose of the attorney lien statute is to enable an attorney to place a lien on funds that *belong* to their client but are in the hands of an adverse

party in order to pay for services rendered by the attorney. Thus, the statute is analogous to any other creditor-debtor situation where the creditor attaches a lien to property in which the debtor has an ownership interest to secure or pay off a debt owed by the debtor. It is a basic tenet of creditor-debtor law that, before a creditor may attach a lien to property, such property interest must be owned by the debtor. *See* 51 Am.Jur.2d *Liens* § 16 (1970); 6 Am.Jur.2d *Attachment and Garnishment* § 92 (1963); and 53 C.J.S. *Liens* §§ 2, 11 (1987). We hold, therefore, that, for a client to be "due" money under § 29–1–102(a)(ii), the client must have a possessory, ownership interest in that money.

The dispositive issue in this case is whether a custodial parent of a child has a possessory, ownership interest in child support payments made by the non-custodial, payor parent. The district court ruled that Davidson's attorney lien could not attach to the child support payments because those payments were monies judicially determined to be necessary for the adequate support and maintenance of the children, paid to the custodian as trustee, and an attorney lien would thwart important public policy considerations regarding child support. We have stated before that child support payments are the children's monies:

Often misunderstood by parents embittered by divorce, "child support" represents a legal obligation of the parents to the children. "[C]hild support is for the benefit of the children as [a parent's] obligation to contribute to the upbringing of [the] children. *A support payment is the children's money administered in trust by [the custodial parent] for their benefit.*"

*Cranston v. Cranston,* 879 P.2d 345, 349 (Wyo.1994) *(quoting Macy v. Macy,* 714 P.2d 774, 777 (Wyo.1986)) (emphasis added). We reaffirmed this concept recently in the case of *Smith v. Smith,* 895 P.2d 37, 42 (Wyo. 1995), wherein we stated that *"child support is a legal obligation [parents] owe to their children."*

Child support stands in a unique and special position in law. The district court determines the amount of money the

children need to support their upbringing and provide for their welfare, taking into account the parent's ability to pay. Child support is indeed the children's money, *for their exclusive benefit.* *See Broyles v. Broyles,* 711 P.2d 1119, 1125 (Wyo.1985). However, because the children are minors, the district court, pursuant to W.S. 20–2–113(g), orders that the support amount be paid to the clerk of the district court, and the clerk thereafter delivers the support payment to the custodial parent. *See also* W.S. 20–6–304(a). The custodial parent stands in the shoes of a trustee, administering the money to the children based upon their needs and welfare. *See In re Marriage of Watkins,* 42 Wash.App. 371, 710 P.2d 819, 821 (1985) ("A child's custodian receives support money as a trustee and not in his or her own right"); *Fuqua v. Fuqua,* 88 Wash.2d 100, 558 P.2d 801, 804–05 (1977); *Brake v. Sanchez–Lopez,* 452 So.2d 1071, 1072 (Fla. App.1984); *Law Office of Tony Center v. Baker,* 185 Ga.App. 809, 366 S.E.2d 167, 168–69 (1988) (when alimony is awarded for the support of minor children, the mother acquires no interest in the funds; and when they are paid to her, she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children). Indeed, the child support payment is not treated as income earned, and, thus, is not includable in the custodial parent's federal income tax return—in contrast to alimony which is the parent's money and is treated as income earned.

We agree with the district court that an attorney lien may not attach to monies received for child support. *See Fuqua,* 558 P.2d at 805 ("statutory attorney's liens may not be asserted against monies which represent payments for child support"); *Hubbard v. Ellithorpe,* 135 Iowa 259, 112 N.W. 796, 797–98 (1907) (temporary alimony and support not subject to a charging lien); *Indell v. Tabor,* 185 N.Y.S. 873, 874–75 (1920) (attorney not entitled to reach client's alimony to satisfy his judgment for attorney fees); *Johnson v. Gerald,* 216 Ala. 581, 113 So. 447, 449 (1927) (attorney lien inapplicable to a divorce suit when allowance is made to the wife); *Bucknam v. Bucknam,* 347 Mo. 1039, 151 S.W.2d 1097, 1100 (1941) (an attorney is

entitled to a lien on alimony for his services, but only to the extent of attorney fees and costs taxed and included in the allowance of alimony; he cannot enforce any lien against the remainder of the allowance); *Schelter v. Schelter,* 206 A.D.2d 865, 614 N.Y.S.2d 853, 854 (1994) ("[f]unds held in escrow or in a custodial capacity are not subject to an attorney's retaining lien"; "[w]e note that, even if the funds were treated as payments for child support, we would conclude that such payments are not subject to an attorney's retaining lien"); *Law Office of Tony Center,* 366 S.E.2d at 168 (attorney's charging lien is not enforceable against child support payments); *Minor Child of Zentack v. Strong,* 83 Ohio App.3d 332, 614 N.E.2d 1106, 1109 (1992) ("we side with the majority [of courts] and hold as did the *Fuqua* court that, 'as a matter of public policy, statutory attorney's liens may not be asserted against monies which represent payments for child support' "); *Brake,* 452 So.2d at 1072 (attorney's charging lien is not enforceable against child support payments); *Glickman v. Scherer,* 566 So.2d 574, 575 (Fla.App.1990) (child support is not subject to an attorney's charging lien); *Sanner v. Sanner,* 46 S.W.2d 936, 937–38 (Mo.App.1932) (alimony and child's support not subject to attorney's lien); *Hilleary v. Hilleary,* 189 Mo.App. 704, 175 S.W. 282, 283–84 (1915) (allowance of alimony for maintenance and support is not such a judgment as is contemplated by the attorney lien statute, there can be no lien on alimony awarded for maintenance and support). In *Fuqua,* 558 P.2d at 804–05, the Washington Supreme Court stated:

> A child's custodian receives support money as a trustee and not in his or her own right. * * *
>
> \*      \*      \*      \*      \*      \*
>
> * * * [T]o allow an attorney's lien to be asserted against child support would necessarily result in counsel for the custodian taking from the children involved, monies which the court has determined to be necessary to assure their adequate support. It is impractical to assume that the trial court can consider possible liability for attorney's fees in ascertaining a support fig-

ure. \* \* \* If the assertion of liens such as these became commonplace, the court's function in providing for the adequate support of minor children, the innocent parties to these actions, would be wholly frustrated. "Equity, which creates the fund, will not suffer its purpose to be nullified." *Turner v. Woolworth*, 221 N.Y. 425, 430, 117 N.E. 814, 816 (1917). We therefore hold that, as a matter of public policy, statutory attorney's liens may not be asserted against monies which represent payments for child support. Any effort to assert such a lien is void, whether it be against funds in the hands of the clerk, the lawful custodian of the children, or an attorney.

Similarly, in *Law Office of Tony Center*, 366 S.E.2d at 168–69, the Georgia Court of Appeals stated:

"Child support," denominated alimony (OCGA § 19–6–19(a)), occupies a special niche in our law. "When alimony is awarded for the support of minor children, the mother acquires no interest in the funds, and when they are paid to her she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children. She can not consent to a reduction or remission of the alimony, and ordinarily her conduct can not relieve the father of paying the same as directed by the court." \* \* \*

\* \* \* "Where an award is made in favor of a wife for permanent alimony in a final decree, to be paid to her by the husband for the maintenance and support of their minor child who is in the wife's custody, upon receipt of each payment she should use the same solely for the benefit of the child. In the receipt and use of such money, she acts as a trustee or guardian of the minor child \* \* \*. [T]he mother has no power or authority to make a contract with an attorney at law whereby she agrees to pay him one-half of whatever sums he collects from the father by virtue of the decree. Such an agreement, being contrary to the policy of the law, is void, and a court of equity will not aid the attorney in attempting to require the mother to account to him for payments she has received from the father \* \* \* or as to any

future payments." Hence, sums representing child support are held in trust by intervening parties and the party holding such child support payments cannot consent, in law, to a portion being used for payment of attorney fees in their collection.

Our holding is consistent with the general law on this issue, i.e., "to allow an attorney's lien to be asserted against child support would necessarily result in counsel for the custodian taking from the children involved, monies the court has determined to be necessary to assure their adequate support." *Fuqua v. Fuqua*, 88 Wash.2d 100, 558 P.2d 801 (1977) \* \* \*. Child support cases follow the general law that an attorney's charging lien does not attach to alimony. \* \* \*

\*      \*      \*      \*      \*      \*

\* \* \* Accordingly, we find that an attorney's charging lien should not be "allowed to nullify an award determined to be necessary to assure the support of a child" and "is not enforceable against child support payments."

We find the reasoning of these cases persuasive and a correct assessment of what child support payments represent, negating the attorney lien attachment to such payments.

The Wyoming Legislature has articulated public policy that innocent children will not be penalized for the payor parent's failure to pay the court ordered child support payments. The burden of paying for enforcement and collection of child support may be placed upon the delinquent payor parent. Wyoming Statute 20–2–113(a) (1994 Rpl.) states, in pertinent part:

A court having jurisdiction under this subsection or under subsection (j) of this section may, upon appropriate motion of either parent, require a parent to appear before the court and show just cause why the parent should not be held in contempt, upon a showing that the parent has willfully violated the decree as to the care, custody, visitation and *maintenance of the children. The court may, in addition to any assessment it may impose upon a finding that the parent is in contempt of*

*court, award attorney's fees, costs, and such other and further relief as the court may deem necessary under the circumstances, to the parent aggrieved by the violation of the decree, in order to enforce and require future compliance with the decree.*

(Emphasis added.) Similarly, under the Wyoming Reciprocal Enforcement of Support Act, the obligor (payor parent) must pay all fees and costs for the enforcement proceeding (W.S. 20–4–115), and the responding court can punish the obligor under its contempt powers for violation of the court order (W.S. 20–4–126).

### CONCLUSION

We hold, as a matter of public policy, that statutory attorney liens may not be asserted against monies which represent payments for child support because the custodial parent does not own the child support payments received from the clerk of court, but rather such support payments belong to the minor children, and because the custodial parent, rather than the children, owes a debt to the attorney.

Affirmed.

MACY, J., files a dissenting opinion.

MACY, Justice, dissenting.

I dissent. I agree with the majority that the attorney's lien statute is clear and unambiguous. The statute clearly states that the lien attaches upon money which is due to the client. The money in this case was due and ordered to be paid to the attorney's client through the clerk of the district court. The Legislature did not provide an exception to the statute by stating that the client must have a "possessory, ownership interest in that money" before the lien can attach, and this Court should not create such an exception by judicial fiat. *See Voss v. Ralston*, 550 P.2d 481, 485 (Wyo.1976); *Eiselein v. K-Mart, Inc.*, 868 P.2d 893, 900 (Wyo.1994) (Macy, C.J., specially concurring).

The majority has decided as a matter of public policy that an attorney's statutory lien cannot attach to child support money; however, we should consider the public policy of

the state only when we are construing an ambiguous statute. *Amoco Production Company v. State*, 751 P.2d 379, 384 (Wyo.1988). " '[Q]uestions regarding public policy should be determined by the legislature, not the courts.' " *West v. Wyoming State Treasurer*, 822 P.2d 1269, 1274 (Wyo.1991) (quoting *Martinez v. Ashland Oil, Inc.*, 132 Wis.2d 11, 390 N.W.2d 72, 74 (Ct.App.1986)).

In any event, I question whether it is in the children's best interest for this Court to structure a policy which dictates that it is the responsibility of the custodial parent or the legal profession to bear the expense for collecting child support payments. It is incongruous to expect custodial parents who cannot afford to support their children to pay attorneys to collect court ordered child support payments. It is also unreasonable to expect attorneys to act pro bono in such instances, especially when they are constantly being criticized by the general public for continually promoting litigation.