**Linda D. MONDT, Appellant (Petitioner),**

v.

**CHEYENNE POLICE PENSION BOARD, Appellee (Respondent).**

**No. 97–291.**

Supreme Court of Wyoming.

Sept. 1, 1999.

Mitchell E. Osborn of Grant & Osborn, Cheyenne, WY. Argument by Mr. Osborn, Representing Appellant.

Mary B. Guthrie, Cheyenne City Attorney. Argument by Ms. Guthrie, Representing Appellee.

Before LEHMAN, C.J., and MACY, GOLDEN, and TAYLOR *, JJ., and PRICE, D.J.

PRICE, District Judge.

This appeal raises the issue of statutory interpretation of the type of disability required to permit a person to retire under Wyo. Stat. Ann. § 15–5–308(a) (Lexis 1999). The Cheyenne Police Pension Board, after hearing, determined that the appellant did not qualify for any pension under this statute. The appellant filed her Petition for Judicial Review of Administrative Action Pursuant to W.R.A.P. Rule 12. A Joint Motion for Order of Certification of Questions to Supreme Court Pursuant to W.R.A.P. Rule 12.09 resulted in Stipulated Questions for Certification to Supreme Court Pursuant to W.R.A.P. Rule 12.09 and an order from Judge Grant certifying those questions to this court.

* Chief Justice at time of oral argument; retired November 2, 1998.

## ISSUES·

The certified questions are:

1. Is petitioner Linda Mondt disabled and entitled to a disability pension under [Wyo. Stat. Ann. §] 15–5–308(a)?

2. Does a pre-existing condition which was exacerbated by police work and which ultimately becomes a disabling mental illness ten years after employment, disqualify an officer for a disability pension under [Wyo. Stat. Ann. §] 15–5–308(a)?

3. Does [Wyo. Stat. Ann. §] 15–5–308(a) require that an "off-duty" disability be caused by a "bodily injury" in order to qualify for the 50% disability pension?

4. Does [Wyo. Stat. Ann. §] 15–5–308(a) allow for an "off-duty" disability pension for a certified "mental disability?"

## FACTS

Linda Mondt was employed as a Cheyenne police officer for approximately eleven years. She was suspended without pay and without an opportunity for a hearing on the suspension. That decision was appealed by her to this court. *Mondt v. Cheyenne Police Dep't,* 924 P.2d 70 (Wyo.1996). Subsequent to the decision in that case, Police Chief John Powell became concerned about psychological problems experienced by Ms. Mondt that interfered with her performance as a police officer. Chief Powell requested that Ms. Mondt be evaluated by Dr. Jack Digliani, a licensed clinical police psychologist from Fort Collins, Colorado. Dr. Digliani submitted two reports dated February 21, 1997, and March 20, 1997. The second report was in response to specific questions submitted by the pension board secretary. The first report indicated that Ms. Mondt suffered from a chronic major depressive disorder which was organically based. The stressors in her employment as a police officer had exacerbated her condition. She "is not likely to achieve any significant symptom remission as long as she continues to work in any capacity in a law enforcement environment." The opinion of Dr. Digliani was that:

Officer Mondt is occupationally disabled and not fit to resume police duties. The probability of any future remission of her condition is significantly diminished by the stressors of police work. I recommend that Office Mondt retire from the Cheyenne Police Department due to this disability.

The second report from the doctor concluded that:

Brain dysfunction of the nature characterized by Officer Mondt's illness usually has a long standing history. In most cases, and certainly in Officer Mondt's case, there is a prior history of symptom otology. This history predates her employment as a police officer. However, the intensity and seriousness of her current condition does not pre-date her police employment.

After her examination, Ms. Mondt applied for an on-duty medical retirement. That was changed by her to an off-duty retirement under Wyo. Stat. Ann. § 15–5–308(a), providing a pension of 50 percent of her monthly salary while she was disabled. A hearing was held on the application on April 21, 1997. The Board met on May 8, 1997, and, in Findings of Fact, Conclusions of Law and Order dated May 9, 1997, denied the application. Appellant filed a petition with the district court for review of the Board decision.

## DISCUSSION

The application for an off-duty pension in this case is provided by the statute. Wyo. Stat. Ann. § 15–5–308(a) provides:

If any person, while serving as a policeman is physically disabled as a result of any bodily injury received in the immediate or direct performance or discharge of his duties, the board, upon his written request filed with the secretary of the board, or without the written request if it deems it to be for the benefit of the public, shall retire that person from the department and order that he be paid from the fund during his lifetime a monthly pension equal to sixty-two and one-half percent (62½%) of the amount of his regular monthly salary, effective at the time of his retirement. If the officer's disability is off-duty related, the officer shall receive a monthly pension equal to fifty percent (50%) of his monthly salary effective at the time of his

retirement. If the disability ceases, the pension shall cease, and the person shall be restored to active service at the existing salary of his position or rank at the time he is reinstated.

In order to answer the questions certified, this statute must be interpreted.

Under our well-established rules of statutory construction, we "endeavor to interpret statutes in accordance with the Legislature's intent." *Halpern v. Wheeldon*, 890 P.2d 562, 564 (Wyo.1995); *State Dep't of Revenue & Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). " '[T]he initial step in arriving at a correct interpretation ... is an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land & Cattle Co. v. Game & Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). " '[W]e give effect to every word, clause and sentence and construe all components of a statute in pari materia.' " *Parker Land & Cattle*, at 1042 (quoting *City of Laramie v. Facer*, 814 P.2d 268, 270 (Wyo.1991)). We must first determine whether a statute is clear or ambiguous. A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations. *Halpern*, at 564–65. Whether an ambiguity exists in a statute is a matter of law to be determined by the court. *Id.*, at 565; *Parker Land & Cattle*, at 1043. If the language of the statute is plain and unambiguous, we apply its plain meaning and need not consult the numerous rules of statutory construction. *Houghton v. Franscell*, 870 P.2d 1050, 1054 (Wyo.1994). *Sue Davidson, P.C. v. Naranjo*, 904 P.2d 354, 355–56 (Wyo.1995).

■■■ The issue before the court is whether the statute provides for a pension for both mental and physical disability for an off-duty related disability, and only for a physical disability if received "in the immediate or direct performance or discharge of his

duties." The plain language of the first sentence states that if "a policeman is *physically* disabled as a result of any bodily injury received in the immediate or direct performance or discharge of his duties," she is entitled to a 62½ percent disability. (Emphasis added.) The second sentence and the third sentence only refer to a "disability." Mondt contends that this includes a mental disability. This court disagrees. The subject matter of this section of the statute is a physical disability. The first sentence of the section sets the stage, and the second and third sentences give further information about this physical disability. There is no ambiguity in this statute. The language of the statute communicates a plain meaning to this court, and that meaning will be applied.

An examination of the history of this section is also helpful. Originally passed in 1965, the section read:

When any person, while serving as policeman is physically disabled as a result of any bodily injury received in the immediate or direct performance or discharge of his duties the board shall, upon his written request filed with the secretary of the board, or without the written request, if it deems it to be for the benefit of the public, retire that person from the department and order that he be paid from the fund during his lifetime a yearly pension equal to four (4) times the amount of his regular monthly salary, effective at the time of his retirement. On the death of the pensioner no one claiming under him has any claim against the policemen pension fund except for amounts accrued and unpaid at the time of his death. When the disability ceases, the pension shall cease, and the person shall be restored to active service at the same salary he received at the time of his retirement.

1965 Wyo. Sess. Laws, ch. 112, § 321.

An amendment in 1979 added the following to the middle of the section and included some irrelevant changes to the beginning and end of the section:

If the officer's disability is off duty related, the officer shall receive a monthly pension equal to fifty percent (50%) of his monthly

salary effective at the time of his retirement.

1979 Wyo. Sess. Laws, ch. 84, § 1. Other amendments made in 1980 and 1991 did not make changes significant to this appeal. 1980 Wyo. Sess. Laws, ch. 38, § 1; 1991 Wyo. Sess. Laws, ch. 71, § 2.

Looking at the changes made by the legislature, this court is more convinced that the section refers only to physical disability. The amendments by the legislature were not made to add a pension for a mental disability.

## CONCLUSION

The answers to the certified questions are:

1.  Is petitioner Linda Mondt disabled and entitled to a disability pension under Wyo. Stat. Ann. § 15–5–308(a)? *NO.*

2.  Does a pre-existing condition which was exacerbated by police work and which ultimately becomes a disabling mental illness ten years after employment, disqualify an officer for a disability pension under Wyo. Stat. Ann. § 15–5–308(a)? *YES.*

3.  Does Wyo. Stat. Ann. § 15–5–308(a) require that an "off-duty" disability be caused by a "bodily injury" in order to qualify for the 50% disability pension? *YES.*

4.  Does Wyo. Stat. Ann. § 15–5–308(a) allow for an "off-duty" disability pension for a certified "mental disability?" *NO.*