438 So.2d 954 (1983)
Shirley Tillman DYER, Appellant,
v.
Vaughn DYER, Appellee.
No. 82-1919.
District Court of Appeal of Florida, Fourth District.
October 5, 1983.
Penny D. Mangus, of McDonough & Beyer, Coral Springs, for appellant.
Philip Michael Cullen, III, Chartered, Fort Lauderdale, for appellee.
HURLEY, Judge.
The question is whether an attorney's charging lien may be enforced against an award of permanent periodic alimony. We decline to formulate a broad rule, but hold, under the facts of this case, that the trial court abused its discretion by permitting an attorney's charging lien to be impressed upon a permanent periodic alimony award of $250.00 per month.
Shirley Dyer retained attorney James McCauley to represent her in a dissolution action. Subsequently, Mrs. Dyer indicated that she wished to obtain other counsel and, therefore, Mr. McCauley withdrew and filed a claim for an attorney's charging lien in the sum of $5,217.35. Thereafter, Mr. and Mrs. Dyer, both represented by counsel, appeared at the final hearing in the dissolution action and stipulated to a property settlement agreement which divided the parties' real property and other assets. The agreement provided for an award of permanent periodic alimony to Mrs. Dyer in the sum of $250.00 per month and specified that each party would be responsible for his or her own attorney's fees and costs. Since the agreement did not provide for disposition of the charging lien, the trial court retained jurisdiction to determine it at a future date. Later, after a separate hearing, the trial court granted the attorney's request to impress a charging lien on all of the wife's proceeds of the dissolution action. As a result, the wife's real and personal property plus the alimony award were made subject to the lien.
The wife has raised several issues on appeal, most of which cannot be considered due to her failure to provide a transcript of the "lien hearing." See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). Her threshold contention, however, is that there cannot be a lien because the final judgment of dissolution did not generate any proceeds. She argues that as a result of the property settlement agreement which was incorporated into the final judgment of dissolution, the parties merely divided their *955 jointly-held assets and, therefore, neither party gained anything new. This analysis is too facile. It overlooks the fact that a fundamental purpose of dissolution actions is to achieve an equitable distribution of the parties' assets. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Assuming that all of the requirements for an attorney's charging lien have been alleged and proved, see, e.g., Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom, 428 So.2d 1383 (Fla. 1983), we can perceive no logical justification for declining to enforce such liens in dissolution actions. Indeed, Sinclair expressly holds that a charging lien may be pursued in a dissolution action.
The question still remains, however, whether an attorney's charging lien may be enforced against an award of permanent periodic alimony. The parties have not cited, nor have we been able to locate any Florida case law on this point. Moreover, other state authorities are split. See McDonald v. Johnson, 229 Minn. 119, 38 N.W.2d 196 (1949) and the cases cited therein. Some courts have refused to impress charging liens against periodic alimony on the theory that the alimony
is intended for the support of a party to whom it is awarded, its amount is fixed with reference to her necessities, and the courts will not countenance its appropriation to any other purpose.
In re Brown, 178 A.D. 558, 165 N.Y.S. 736, 742 (1917) (quoting Mooney v. Mooney, 29 Misc. 707, 62 N.Y.S. 769 (1899)). The opposite view is exemplified by Hampton v. Hampton, 85 Utah 338, 39 P.2d 703 (1935), where the court held that
[t]o say ... that the lien attaches when the alimony is payable in a lump sum or when specific real or personal property is awarded, but not when alimony is payable in monthly or other designated periods, is to make a judicial distinction without a substantial difference, influenced perhaps by notions of the common law, or by `fireside justice' in the particular case... .
39 P.2d at 706.
We believe that the New York decision expresses the better view. It ensures that a court's carefully crafted formula to maintain a former spouse will not be subverted by subsequent action. Also, it accords with the public policy of Florida as announced for other related areas of the law. E.g., Garnishment, Section 222.11, Florida Statutes (1981); Maryl v. Hernandez, 254 So.2d 47 (Fla. 3d DCA 1971); First Prudential Bank v. Rolle, 45 Fla. Supp. 128 (Fla.Palm Beach Cty.Ct. 1976). It is important to remember, however, that a Florida award of periodic alimony can fulfill multiple purposes. Therefore, we must qualify our holding. The usual purpose of permanent periodic alimony is "to provide the needs and the necessities of life to a former spouse... ." Canakaris v. Canakaris, supra at 1201. But in Florida it is also permissible to use permanent periodic alimony as a vehicle "to do equity between the parties... ." Id. at 1202. Consequently, we do not believe that it is either appropriate or possible to formulate a rule which depends upon the label attached to a specified form of alimony. Rather, courts should be governed by the principle that "[e]quity, which creates the [alimony] fund, will not suffer its purpose to be nullified." Turner v. Woolworth, 221 N.Y. 425, 430, 117 N.E. 814, 816 (1917); cf. Fuqua v. Fuqua, 88 Wash.2d 100, 558 P.2d 801, 805 (1977). Thus, an attorney's charging lien should not be enforced against an award of permanent periodic alimony if to do so would deprive a former spouse of daily sustenance or the minimal necessities of life.
In the case at bar, the former wife earns $52.34 per week. She has custody of two minor children for which she receives $400.00 per month in child support. Obviously, the permanent periodic alimony award of $250.00 per month is aimed at insuring basic survival. Any diminution would upset an already precarious balance. Furthermore, the facts reveal that the wife has other assets which can be utilized to satisfy the attorney's lien. Therefore, under these facts, we hold that the trial court abused its discretion by subjecting the *956 monthly periodic alimony award to a charging lien. Accordingly, that provision is reversed; the final judgment is
AFFIRMED IN PART AND REVERSED IN PART.
ANSTEAD, C.J., and DELL, J., concur.