507 So.2d 1205 (1987)
S. Robert ZIMMERMAN, Appellant,
v.
Eliezer J. LIVNAT and Esther Livnat, Appellees.
No. 4-86-1993.
District Court of Appeal of Florida, Fourth District.
June 3, 1987.
S. Robert Zimmerman of S. Robert Zimmerman, P.A., Pompano Beach, pro se appellant.
Lawrence A. France of Lawrence A. France, P.A., North Miami Beach, for appellee-Esther Livnat.
HERSEY, Chief Judge.
An attorney appeals the denial of his application for enforcement of a charging lien. The action was commenced in 1980 as one for dissolution of marriage. Appellant withdrew as the wife's counsel in 1982. The order permitting withdrawal reserved *1206 jurisdiction to award fees and costs to appellant at a later date.
Subsequently, the husband and wife entered into a settlement agreement, the wife accepting as her obligation any fees required to be paid to appellant. Without notice to appellant, final judgment was entered in August 1982. The judgment incorporated the previous order permitting appellant to withdraw.
The settlement agreement gave all jointly-owned property in Florida to the husband. The wife received all jointly-held property in Israel and $275 per week as rehabilitative alimony. The wife resides in Israel.
Because he was not notified of any of the proceedings subsequent to his withdrawal as counsel of record for the wife, appellant took no action until July 1983. At that time he petitioned the court, in the original action, for a charging lien against the husband's obligation to pay alimony to the wife.
The court recognized the lien and ordered the husband to pay appellant $125 per week from the amount otherwise payable to the wife, finding that:
1. The order of withdrawal, dated February 1982, authorized substitution of counsel and reserved jurisdiction by the court to determine at a later date the fees due appellant.
2. That all parties and their attorneys had notice of this reservation.
3. That appellant was not notified of the final hearing in this proceeding, nor was he advised that the parties had entered into a settlement agreement.
4. That prior to the order of withdrawal and substitution of counsel, wife agreed to pay appellant the fees due him out of any and all funds or property that she may receive from her husband, including alimony.
5. That there existed a written contract between appellant and wife, his former client.
6. That there had been an attempt by the parties and their attorneys to avoid payment of the fees due appellant.
Payments were not made to appellant and he therefore filed a petition for enforcement which was denied; thus, this appeal.
An attorney's charging lien is an equitable right to have costs advanced and attorney's fees secured by the judgment entered in the suit wherein the costs were advanced and the fee earned. The charging lien has its genesis and definition in case law rather than statute. The requirements for imposition of the lien are summarized in Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1385 (Fla. 1983):
1. There must be a contract between the attorney and client.
2. There must be an understanding, express or implied, between the parties that the payment is either dependent on recovery or that payment will come from the recovery.
3. The remedy is available where there has been an attempt to avoid the payment of fees, or a dispute as to the amount involved.
4. There are no requirements for perfecting a charging lien beyond "timely notice."
"Timely notice" is explained in Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla. 1986):
In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action. Sinclair, Louis, 428 So.2d at 1385; Dowda & Fields, P.A. v. Cobb, 452 So.2d 1140 (Fla. 5th DCA 1984). See Rosenkrantz v. Hall, 161 So.2d 673 (Fla. 3d DCA 1964); Pasin v. Kroo, 412 So.2d 43 (Fla. 3d DCA 1982); Fickle v. Adkins, 385 So.2d 1141 (Fla. 3d DCA 1980). A summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida. Sinclair, Louis, 425 So.2d at 1385; Dowda, 452 So.2d at 1143.
Appellee's contention that a charging lien must be filed prior to withdrawal is incorrect.
The trial court found that the parties had notice of the substitution of counsel *1207 and the reservation of jurisdiction. The court also found that the wife agreed, in order to induce appellant not to proceed immediately to collect fees, that she would pay the fee out of any and all property to be received from the husband, including alimony.
Appellant thus established his entitlement to a charging lien. Ordinarily, this would be sufficient to require the trial court to secure payment from any proceeds due the former client. See, e.g., Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943), and In Re Warner's Estate, 160 Fla. 460, 35 So.2d 296 (1948).
A limitation, however, is imposed upon enforcement of a charging lien against an entitlement to alimony where diverting a portion of the payment would deprive a spouse/former client of daily sustenance or the minimal necessities of life. Dyer v. Dyer, 438 So.2d 954 (Fla. 4th DCA 1983). In Dyer we were concerned with an award of permanent, periodic alimony whereas in the present case the award consists of rehabilitative alimony. The same principles apply, however. Such an award may constitute the sole source of "daily sustenance or the minimal necessities of life" while the former wife attends school or otherwise pursues activities aimed at rehabilitation or habilitation.
The original order requiring the husband to make periodic payments to appellant from alimony was rendered on September 12, 1983. The Dyer opinion was not issued until nearly a month later: October 5, 1983. Thus the trial court never had the opportunity to examine the facts in light of Dyer. Accordingly, upon remand the trial court will be afforded that opportunity.
We also note that in Dyer, according to the opinion, the wife "has other assets which can be utilized to satisfy the attorney's lien." Id. at 955. That, apparently, is not the situation here, where the assets awarded the wife are located in Israel and she also resides there. Unless the alimony is made available for that purpose, appellant's fees and costs will most likely never be paid.
Where an attorney has expended time and effort on his client's behalf he is entitled to be paid for his services, either pursuant to the terms of an employment agreement or, in the absence of contract, on a quantum meruit basis. There has been no allegation of unsatisfactory or negligent performance to justify an exception to this rule of fundamental fairness. Husband and wife, whether with malice aforethought or through oversight, so ordered their affairs that the husband, whose assets might otherwise be available to satisfy a judgment for attorney's fees, is insulated from liability therefor (at least as against an application by the wife), and the wife and her assets are placed beyond the jurisdiction of the court (except as jurisdiction over the wife continues in this dissolution action). To say the least, this is an unfair circumstance. Plainly, here, a heavy burden should be placed on the original litigants to show why, in equity and good conscience, appellant's charging lien should not be secured and enforced.
We reverse and remand to permit the trial court to make the Dyer analysis and for appropriate disposition.
REVERSED and REMANDED.
GUNTHER and STONE, JJ., concur.