SHARP, W., Associate Judge.
Wendy Ciarfella, the former wife, appeals from a judgment which increased an award for child support for the parties’ child from $160.00 to $375.00 per month, and which denied her an award of attorney’s fees from her former husband, Edmund Ciarfella. We affirm the amount of child support awarded by the trial court as being within its discretion, based on the facts established in this record. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). However, we hold the trial court erred in failing to consider the former wife’s entitlement to attorney’s fees pursuant to section 61.16, Florida Statutes.
The record in this case established that the former wife had no formal retainer agreement with her attorney regarding payment, of his fees. She understood that her attorney would first seek to recover his fees from the former husband. However, she testified that she felt obligated to pay any fees due her attorney that were not paid by her former spouse. The trial court denied attorney’s fees on the sole ground that:
the evidence before the court does not support the petitioner’s claim for attorney fees, there being insufficient testimony or evidence that the petitioner [the wife] is obligated to pay attorney fees.
Although there was no express contract for attorney’s fees in this case, the testimony established that there was at least an implied contract, or quasi-contract, which entitled Wendy’s attorney to be paid for the services rendered in this case. See Zimmerman v. Livnat, 507 So.2d 1205 (Fla. 4th DCA 1987); Behar v. Root, 393 So.2d 1169 (Fla. 3d DCA 1981). Wendy’s attorney was employed to represent her in this modification proceeding, and he performed valuable services on her behalf (incidentally, quite successfully). The services were performed with the expectation of payment.
We think an award of attorney’s fees in this case to the former wife is supported by the rule of law enunciated in Lamoureux v. Lamoureux, 59 So.2d 9, 12 (Fla.1951):
It is well established that where one employs an attorney to perform legal services, whether in a regular court procedure or otherwise, and there is not, at the time of such employment nor subsequent thereto, an express agreement between the parties as to the amount the attorney is to be paid for his services, the law under such conditions and circumstances, implies a contract upon the part of one employing such attorney, to pay him a reasonable compensation for his services.
Accordingly, we affirm the judgment except for the denial of attorney’s fees to the former wife. We remand with directions that the trial court consider the appellant’s request for attorney’s fees pursuant to section 61.16, with due regard for the comparative financial resources of both parties, and the reasonableness of the fees requested for the service rendered in this cause.
AFFIRM IN PART; REMAND.
DOWNEY and ANSTEAD, JJ., concur.