GARRETT, Judge,
dissenting.
I respectfully dissent to the majority holding that “appellant’s attack comes too late.”
Appellant’s husband filed for divorce and she countersued after hiring appellee as her attorney. Paragraph seven of appellant’s retainer agreement referred to a charging lien:
It is expressly understood and agreed that, in the event any sum of money or other property is awarded directly to the client in this matter for any reason and, at the time of the award there remains unpaid any statement or invoice submitted to the client pursuant to the terms of this agreement, such statement or invoice shall be paid from the monies or property awarded to the client and the attorney shall have a lien thereupon. The client agrees that the attorney may, at the attorney’s discretion, have the lien herein granted established in any judgment rendered in any action in which the client is represented by the attorney.
(emphasis added). The husband voluntarily dismissed his petition after the trial court validated the parties’ antenuptial agreement. Appellant voluntarily dismissed her counter-petition, but had the trial court reserve jurisdiction to adjudicate all issues which related to attorney fees, costs and the charging lien. Appellee’s “Amended Notice of Charging Lien” stated in part:
*760 The legal services were rendered in connection with this action and [appellant] agreed that payment would be made from “the monies or property * * * awarded to the [appellant]”....
The trial court established a $46,487.24 charging lien in favor of appellee against several pieces of appellant’s and her husband’s real estate, including their Fort Lauderdale Castilla Isle property. Appel-lee’s “Supplemental Complaint for Enforcement and Foreclosure of Charging Lien” (Complaint) alleged in part:
Pursuant to a written agreement [appellant] agreed to pay [appellee’s] fee for such representation from any properties or monies awarded to [appellant]....
The trial court entered a default judgment and ordered appellant to pay the charging lien balance ($25,000 had been paid from a real estate closing) or the Castilla Isle property would be sold at public sale. The foreclosure sale took place and a certificate of title was issued to the successful bidder. The trial judge denied appellant’s “Amended Motion to Vacate Default Final Judgment Foreclosing Charging Lien” (Motion to Vacate) which stated in part:
[Appellee] is not entitled to a charging lien against the property....
This court in Zimmerman v. Livnat, 507 So.2d 1205 (Fla. 4th DCA 1987), summarized the requirements for imposition of a charging lien:
1. There must be a contract between the attorney and client.
2. There must be an understanding, expressed or implied, between the parties that the payment is either depen-dant on recovery or that payment will come from that recovery.
3. The remedy is available where there has been an attempt to avoid the payment of fees, or a dispute as to the amount involved.
4. There are no requirements for perfecting a charging lien beyond “timely notices”.
(emphasis added). Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A., 517 So.2d 88 (Fla. 3d DCA 1987), rev. denied, 525 So.2d 879 (1988), stands for the proposition that attorney services alone do not give rise to a charging lien. Litman, 517 So.2d at 91-2, states:
[T]he services must ... produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruit of the services. (Citations omitted). And although it is said that a charging lien attaches to the judgment, (citation omitted), where there are no proceeds of the judgment, there is nothing to which a lien may, as a practical matter, attach, (citations omitted).
Absent an express or implied contract or statutory authority, an attorney is not entitled to the imposition of a charging lien on the real estate of his client. Billingham v. Thiele, 109 So.2d 763 (Fla.1959).
A void judgment can be set aside at any time. See Kennedy v. Richmond, 512 So.2d 1129, 1130 (Fla. 4th DCA 1987). Id. A motion to set aside a default judgment requires no allegations or showing of excusable neglect where the basis for the motion is that the allegations in the complaint do not entitle the plaintiff to relief. Becerra v. Equity Imports, Inc., 551 So.2d 486, 488-89 (Fla. 3d DCA 1989). A party seeking affirmative relief may not be granted relief that is not supported by the substantive law applicable to the pleadings. A party in default may rely on this limitation. Board of Regents v. Stinson-Head, Inc., 504 So.2d 1374, 1375 (Fla. 4th DCA 1987). See generally 49 C.J.S. Judgments § 200 at 356 (1947) (judgment by default operates as a waiver of any mere formal errors in plaintiff’s pleading but does not cure or waive errors which go to the foundation of plaintiff’s cause of action). A default judgment should be set aside where the complaint on its face fails to state a cause of action. Becerra at 488.
I differ with the majority’s implicit finding that the complaint states a cause of action. The complaint does not contain an allegation that appellant received a judgment or settlement to which the charging lien could attach. Absent such allegation, the substantive law does not support the granting of the relief obtained by appellee. The motion to vacate raised the issue and *761-763 should be addressed by this court regardless when filed by appellant.
I would reverse. The retainer agreement provided that a charging lien would be imposed only on property “awarded” to appellant in the dissolution proceedings. There was no property awarded to appellant as the result of the aborted dissolution proceedings. Her property rights were the same after the voluntary dismissals as before the filed petitions. The antenuptial agreement gave appellant certain property rights “by reason of [the] contemplated marriage,” not by reason of the dismissed petitions. Her marital property rights will remain as provided by the antenuptial agreement until a final judgment of dissolution decrees otherwise.