PER CURIAM.
Appellant, Pamela A. Leone (Wife), appeals an order granting her former counsel attorney’s fees pursuant to an attorney’s charging lien. We reverse and remand.
Florida courts have held that an attorney's charging lien should not be enforced against an award of alimony if to do so would deprive a former spouse of daily sustenance or the minimal necessities of life. Zimmerman v. Livnat, 507 So.2d 1205 (Fla. 4th DCA 1987); Brake v. Sanchez-Lopez, 452 So.2d 1071 (Fla. 3d DCA 1984); Dyer v. Dyer, 438 So.2d 954 (Fla. 4th DCA 1983).
In the present case, the final judgment of dissolution of marriage ordered the husband to assign $250,000 of his $500,000 life insurance policy as follows: (1) $75,600 to the wife to secure rehabilitative alimony arrearages; and (2) $174,400 for the child.
We reverse and remand this case for the trial court to determine whether enforcement of the charging lien in this case would deprive the wife of daily sustenance or the minimal necessities of life. See Zimmerman v. Livnat, 507 So.2d at 1207.
Although the trial court on remand could award fees out of the wife’s portion of the fund if the requirements of Zimmerman are met, the funds cannot be awarded from the child’s portion of the fund. Brake v. Sanchez-Lopez, 452 So.2d 1071 (Fla. 3d DCA 1984).
*324 Reversed and remanded with instructions.