PER CURIAM.
The client, Linda Rose, appeals from an order permitting the attorney that represented her in a marriage dissolution action, Paul R. Marcus, a charging lien against her interest in the proceeds from the sale of the marital home. We reverse and remand.
The final judgment of dissolution of marriage awards the client a special equity in the proceeds of the sale of the marital home. Under the final judgment, the client is to receive $10,000.00 for home improvements she made during the marriage, $1,200.00 for repayment of a loan given by her parents to the husband for the husband’s car repairs, reimbursement of the amount she paid for the utilities for the past eighteen months, reimbursement for the payment of the mortgage, taxes and insurance for the past eighteen months, $40,000.00 as advance payment of child support. The trial court also reserved jurisdiction on all requests for attorney’s fees and costs and on the attorney’s request for a charging lien. The trial court held a second hearing on the attorney’s fees issue and again reserved ruling. One month later, the trial court entered an order denying all requests for fees and costs. Then, upon the attorney's written request, the trial court entered an order permitting the attorney to impose a charging lien for approximately $23,000.00 against the client’s interest in the proceeds from the sale of the marital home for attorney’s fees purportedly owed to the attorney by the client. The trial court denied the client’s motion for rehearing and the client appealed.
In order for a charging lien to be imposed, there must first be a contract, express or implied, between the attorney and the client. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla.1983); Green *65 field Villages, Inc. v. Thompson, 44 So.2d 679 (Fla.1950); Scott v. Kirtley, 113 Fla. 637, 152 So. 721 (1933); Alyea v. Hampton, 112 Fla. 61, 150 So. 242 (1933). The record reveals that the parties both signed a retainer agreement or an express contract when the client retained the attorney to represent her during the dissolution of marriage proceedings.
Next, the parties must also have an understanding that payment will come from any recovery. Sinclair, 428 So.2d at 1385; Miller v. Scobie, 152 Fla. 328, 11 So.2d 892 (1943); Conroy v. Conroy, 392 So.2d 934 (Fla. 2d DCA 1980), review denied, 399 So.2d 1141 (Fla.1981). In the instant case, the client signed a retainer agreement which provided, in part, that her attorney would have a lien on all property or money for the payment of all sums due under the terms of the agreement. The signed retainer agreement with the provision allowing for charging liens is an express understanding that payment will come from any recovery in the event of nonpayment.
Under Sinclair, a charging lien is available where a client is trying to avoid payment of fees or where the parties are disputing the actual amount of fees involved. 428 So.2d at 1385. This remedy is available, in the instant case, where the attorney contends that the client fell behind on her payments to him and the client challenges the reasonableness of the time records and the fees to which the attorney was entitled in light of the nature and extent of the work performed.
Finally, in order to perfect a charging lien an attorney must give his or her client timely notice. Sinclair, 428 So.2d at 1385. In the instant case, the attorney filed a notice of intent to impose a charging lien which put the wife on notice that the attorney wanted a charging lien. However, the attorney failed to inform the client that the charging lien issue would be addressed at the hearing on attorneys’ fees and that she would need to address it. Furthermore, the client was not allowed to testify or present any evidence as to the charging lien during the hearing. Despite her requests, she was not given an opportunity to be heard.
For the foregoing reasons, we reverse the order granting the attorney a charging lien and remand this cause to the trial court with directions, that after notice and opportunity to the client to be heard, the trial court consider the attorney’s motion to adjudicate a charging lien. On remand, the trial court can impose a charging lien against the client’s interest in the proceeds from the sale of the marital home as long as the $40,000.00 awarded for advance payment of child support is not impaired and as long as the client is not deprived of daily sustenance or the minimum necessities of life. See Leone v. Leone, 619 So.2d 323 (Fla. 3d DCA 1993); Zimmerman v. Livnat, 507 So.2d 1205 (Fla. 4th DCA 1987); Brake v. Sanchez-Lopez, 452 So.2d 1071 (Fla. 3d DCA 1984).
Reversed and remanded with directions.