PARIENTE, Judge.
This is an appeal by Mona Albert (client) from a final order granting an attorney’s charging lien to Goldman-Link, P.A., the law firm which represented her in an action for alimony and child support arrearages. The client challenges both the propriety of the trial court granting a charging lien and the amount of the charging lien. We affirm the trial court’s order imposing a charging lien, but reverse the application of a contingency risk multiplier.
We have no record of the attorney’s fees hearing. Without a transcript of the hearing where evidence was taken on whether a charging lien should be imposed or a reconstructed statement, pursuant to Florida Rule of Appellate Procedure 9.200(b)(3), we are compelled to give full deference to the trial court’s findings of fact and affirm the imposition of the charging lien. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); Gardner v. Gardner, 501 So.2d 1300 (Fla. 4th DCA 1986).
However, we are permitted to review the application of the contingency risk multiplier without a transcript because this issue turns solely on a legal question. See Jordan v. City of Hollywood, 644 So.2d 158 (Fla. 4th DCA 1994). The trial court’s order in this case is patently erroneous in that it applies' a contingency risk multiplier to enhance the law firm’s contractual hourly rate. See generally Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla.1990).
The contract between the client and the law firm provided for an hourly rate of $150. An award of attorney’s fees cannot exceed the contract rate. Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985), modified on other grounds, Quanstrom, 555 So.2d at 828; Rosenberg v. Levin, 409 So.2d 1016, 1021 (Fla.1982). Moreover, a contingency fee arrangement is ethically prohibited in family law proceedings. Quanstrom, 555 So.2d at 835; R. Regulating Fla.Bar 4-1.5(F)(3)(a). Lastly, the principles of Rowe and Quan- ' strom allowing a court to enhance fees by a contingent risk multiplier apply to the award of fees from third parties and do not govern fee disputes between attorney and client. See Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366, 368 (Fla.1995); In re Estate of Platt, 586 So.2d 328, 333 (Fla.1991); Rowe, 472 So.2d at 1150.
Accordingly we affirm the trial court’s order enforcing an attorney’s charging lien, but reverse the award of a contingency risk multiplier.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
DELL and KLEIN, JJ., concur.