780 So.2d 220 (2001)
J. Gerard CORREA, Esq., Appellant,
v.
Gary M. CHRISTENSEN, etc., Appellee.
Nos. 5D99-2345, 5D99-2346.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
Rehearing Denied March 9, 2001.
David A. Eaton of David A. Eaton, P.A., St. Petersburg, for Appellant.
Kevin K. Dixon of Brannen, Stillwell & Perrin, P.A., Inverness, for Appellee.
THOMPSON, C.J.
This consolidated appeal involves the unsuccessful attempts by Attorney Gerard Correa to obtain compensation for having represented the personal representative in the probate of the estates of Marvin Christiansen and Marjorie Christiansen. We affirm in all respects.
Correa sought to recover compensation from the estate of Marvin Christiansen in two ways. Both of these efforts were dismissed by the trial court. Correa's first effort to win remuneration concerns his 1993 notice of charging lien. It is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services. See Sinclair, Louis, Siegel, Heath, Nussbaum, & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla.1983). In the instant case, Correa's efforts, which were merely to administer the estate, produced no tangible return for the estate or for the personal representative, whose duties were to administer the estate. The *221 personal representative, as personal representative, received no fund or positive judgment or settlement out of Correa's efforts. Although the trial court did not adopt this rationale in its reasoning, as a matter of law the charging lien fails because of this defect.
Correa also sought attorney's fees via motion, but failed to serve the motion on the personal representative or his attorney. The trial court ruled that since Correa did not serve his motion seeking attorney's fees on the personal representative or the attorney for the personal representative, a prerequisite to any possible award of fees was not met. In this case, we agree with that result. Correa was aware that he was supposed to serve any papers on the attorney for the personal representative, but for reasons of his own chose to serve instead a bare certificate of service.
As for the estate of Marjorie Christiansen, Correa did not file his notice of lien and motion to impress the lien against the personal representative until 13 months after the order of summary administration had been entered. The court ruled that Correa was not entitled to fees in because the estate had been closed for some time. Section 735.206(3)(e), Florida Statutes, states:
(e) The petitioners for the order of summary administration shall be personally liable for all lawful claims against the estate of the decedent, but only to the extent of the value of the estate of the decedent actually received by each petitioner, exclusive of the property exempt from claims of creditors under the constitution and statutes of Florida.
In addition, Correa points out subsection (d) provides, "Property of the decedent that is not exempt from claims of creditors and that remains in the hands of those to whom it may be assigned by the order shall continue to be liable for claims against the decedent until barred as provided in this law." This language creates a claim against the legatees, but not against the personal representative, from whom Correa sought his fees.
AFFIRMED.
COBB and SHARP, W., JJ., concur.