861 So.2d 1285 (2004)
ROBERT C. MALT & CO, Appellant,
v.
CARPET WORLD DISTRIBUTORS, INC, Dick's Carpet World Distributors, Inc, Richard Susco a/k/a Richard M. Susco, Barbara Susco a/k/a Barbara G. Susco, and Gerald A. Martin, Appellees.
No. 4D02-3811.
District Court of Appeal of Florida, Fourth District.
January 7, 2004.
*1286 Richard S. Tolbert, West Palm Beach, for appellant.
Richard R. Chaves of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellee Gerald A. Martin.
STEVENSON, J.
Robert C. Malt & Co. appeals the trial court's order foreclosing a charging lien and disbursing monies that had been placed in the court registry. We reverse, finding that the trial court erred in disbursing the funds interpled into the court registry prior to the termination of the underlying action and a showing that the funds were generated for the client through the efforts of the foreclosing attorney's services.
Malt & Co., as lessor, and Carpet World Distributors, as lessee, entered into a commercial lease agreement wherein Malt & Co. agreed to build and Carpet World agreed to lease, or possibly purchase, certain real property. Richard Susco agreed to personally guarantee any shortfall in Carpet World's net worth. The parties agreed that Carpet World would pay into escrow the sum of $50,000, to be held by Gerald A. Martin, Esq., the attorney for Carpet World.
Both Carpet World and Malt & Co. agree that Carpet World paid only $30,000 into Martin's trust account pursuant to the parties agreement.[1] Thereafter, Carpet World, through its attorney, sent notice to Malt & Co. purporting to rescind and cancel the commercial lease agreement, addendum, and escrow payment schedule. Malt & Co. filed a complaint against Carpet World, Susco and others, alleging that they breached the lease agreement. The complaint alleged that the parties' agreement contemplated that the $50,000 in escrow would not be returned but, instead, applied towards either the purchase price, *1287 if the option to purchase was exercised, or consecutive monthly payments.
Because of the competing claims to the escrow funds, Martin, through his counsel, Boose Casey Ciklin Lubitz Martens McBane & O'Connell (Boose Casey), filed a motion to interplead the funds. Martin alleged that the funds deposited were not for the payment of legal services and that he had no interest in them. The trial court granted the motion and deposited the funds in the court's registry.
Boose Casey later filed a notice of charging lien, alleging that it was retained to render legal services on behalf of Martin, Susco and Carpet World and had advanced costs based on the representation. Prior to the termination of the action, the trial court granted Boose Casey's request to withdraw as counsel for Susco and Carpet World. Two weeks later, Boose Casey filed a motion to foreclose the charging lien and to disburse the funds in the court's registry for the attorney's fees incurred by Carpet World and Susco. The trial court granted the motion to foreclose, finding that Boose Casey had met all the requirements to impose a charging lien, that Boose Casey's charging lien had priority over Malt & Co.'s claim to the monies in the court's registry, and that Malt & Co. had no standing to challenge the charging lien.
First, we disagree with the trial court's determination that Malt & Co. had no standing to contest the foreclosure of the charging lien. "The concept of standing has been defined in a broad sense as having a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." Jamlynn Invs. Corp. v. San Marco Residences of Marco Condo. Ass'n, 544 So.2d 1080, 1082 (Fla. 2d DCA 1989). Here, the record establishes that Malt & Co. had a "sufficient stake" in the registry funds to establish standing. The parties agree that Carpet World's $30,000 was deposited into Martin's trust account pursuant to the contractual agreement. If it is later proven that all conditions precedent under the agreement for entitlement to the funds have been met, as Malt & Co. purports, then the money in the court registry will belong to it. This is enough to establish standing. See Martin Props., Inc. v. Fla. Indus. Inv. Corp., 833 So.2d 825 (Fla. 4th DCA 2002)(finding that the successful bidder at a foreclosure sale had standing to challenge the validity of the owner's assignment of equitable right of redemption to a third party because if the assignment of equity was not valid, then the bidder would own the property).
We also conclude that the trial court's finding that Boose Casey met all the requirements for the imposition of a charging lien was error. There is a fundamental difference between the perfection of a charging lien and the imposition of the lien on certain proceeds or property after it has been perfected. See Brown v. Vermont Mut. Ins. Co., 614 So.2d 574 (Fla. 1st DCA 1993). To impose a charging lien, a party must meet the requirements set forth in Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383, 1384-85 (Fla.1983), including the requirement that the parties had an understanding that payment of legal fees depends on recovery in the case or that payment will come from the recovery. See also Philip J. Padovano, 5 Fla. Prac., Civil Practice § 6.7 (2002 ed.)(stating that a charging lien may not be imposed unless the services actually resulted in a recovery of money or other property; otherwise, there would be no fund or property against which to impose the lien.). A charging lien cannot be imposed merely because the attorney provided legal services. See Correa v. Christensen, 780 So.2d 220 (Fla. 5th *1288 DCA 2001); Rochlin v. Cunningham, 739 So.2d 1215 (Fla. 4th DCA 1999); Cole v. Kehoe, 710 So.2d 705, 706 (Fla. 4th DCA 1998).
Boose Casey sought to impose a charging lien, not against the proceeds of any judgment or recovery, but on the court registry funds, which are the subject of on-going litigation between Malt & Co, Carpet World, Susco and others. The monies were deposited into the court registry because there exist competing claims as to who owns the money, an issue yet to be determined. Because the charging lien was not attached to a judgment, settlement or some other tangible fruits of the attorney's service, we find that the trial court erred as a matter of law in disbursing the funds.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
STONE and WARNER, JJ., concur.
NOTES
[1] There was an additional $5,000 paid to Martin's trust account, which the parties seem to agree was not paid pursuant to the parties' agreement.