LEVINE, J.
 

 The issue presented in this appeal is whether the trial court erred by imposing a charging lien against a party prior to the entry of final judgment in the underlying action. We find the lien was erroneously imposed, and we reverse.
 

 The appellant’s wife filed for dissolution of the couple’s marriage, and appellant retained appellee Hodgson Russ LLP to represent him in the proceeding. Prior to trial, the appellee law firm withdrew from the case and filed notice of a charging lien for $11,439.00 plus interest for services rendered in the case. The trial court held an evidentiary hearing on the lien and issued a final judgment and order establishing a charging lien. The dissolution action was still pending and unresolved at that time.
 

 Appellant moved to vacate the judgment imposing the lien, arguing that the lien was not attached to a final judgment in the dissolution proceeding. The court then
 
 *989
 
 amended the final judgment to state that the lien applied only to appellant’s “right, title and interest in and to any and all real and personal property which is before this Court for and on account of this action for dissolution of marriage.” As of the date appellant filed his notice of appeal, the dissolution action remained pending before the trial court.
 

 As this court has stated,
 

 [t]he charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit. It is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services.
 

 Rudd v. Rudd,
 
 960 So.2d 885, 887 (Fla. 4th DCA 2007) (citations and quotations omitted). Property awarded in a dissolution action pursuant to an equitable distribution constitutes a “proceed” to which a charging lien may attach.
 
 Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.,
 
 517 So.2d 88, 92 n. 5 (Fla. 3d DCA 1987).
 

 An essential prerequisite to imposition of a charging lien is that the underlying litigation produces a positive judgment or settlement — in other words, some “tangible fruits of the attorney’s service” for the benefit of the client.
 
 Robert C. Malt & Co. v. Carpet World Distribs., Inc.,
 
 861 So.2d 1285, 1288 (Fla. 4th DCA 2004);
 
 Correa v. Christensen,
 
 780 So.2d 220 (Fla. 5th DCA 2001). If the litigation produces no judgment of monetary value for the client, the court may not impose a charging lien for the attorney’s benefit.
 
 Pasin v. Kroo,
 
 412 So.2d 43, 44 (Fla. 3d DCA 1982).
 

 In the case at bar, the underlying dissolution action has not reached a final judgment. No property has been distributed to either appellant or the wife. The trial court imposed a charging lien on a prospective judgment that appellant may or may not receive at a future date. Because the underlying dissolution action has not reached a final judgment, imposition of a charging lien was premature.
 

 Accordingly, we reverse the final judgment imposing a charging lien against appellant and remand to the trial court for further proceedings consistent with this opinion.
 

 Reversed.
 

 TAYLOR and GERBER, JJ., concur.