On Motions for Rehearing.
POLEN, J.
We deny appellant’s motion for rehearing and deny appellees’ motion for rehearing en banc. Further, we grant in part appellees’ motion for rehearing, withdraw our slip opinion dated December 5, 2012, and substitute the following in its place.
We affirm the trial court’s order denying the appellant’s Motion to Adjudicate its Charging Lien. An “essential prerequisite to imposition of a charging lien is that the underlying litigation produces a positive judgment or settlement — in other words, some ‘tangible fruits of the attorney’s service’ for the benefit of the client.” Walia v. Hodgson Russ LLP, 28 So.3d 987, 989 (Fla. 4th DCA 2010). Whether an attorney’s services produced “tangible fruits” is an issue of proof. Richman, Greer, Weil, Brumbaugh, Mirabito, & Christensen, P.A. v. Chernak, 991 So.2d 875, 879 (Fla. 4th DCA 2008). Excluding those accounts that are protected from creditors’ liens by operation of statute, see §§ 222.21 & 222.14, Fla. Stat. (2010), the record supports the trial court’s finding that Mr. Weissman’s labor produced only valueless assets, thus leaving no “tangible fruits” to which a charging lien may attach.[1] Accordingly, we affirm.

Affirmed.

CONNER, J., and McMANUS, F. SHIELDS, Associate Judge, concur.

. The trial court found that the marital home was “upside down." Because the trial court *1165 determined that more was owed on the home than what the home was actually worth, the home has a negative value. Therefore, we find that the trial court did not err by determining that the marital home was not a positive result of the litigation on which a charging lien may attach.