EVANDER, J.
Dorothy Walther petitions this court for a writ of certiorari to quash a discovery order compelling her to produce numerous personal financial and medical records to her former attorneys who are seeking the imposition of a charging lien. The record reflects no basis for the imposition of a charging lien and that, at minimum, the trial court should have granted Petitioner’s motion for extension of time to respond to the discovery request. We conclude that the trial court’s order constituted a departure from the essential requirements of law and that certiorari relief is necessary to prevent material injury that cannot be corrected on post-judgment appeal.
There are four requirements to establish a valid charging lien: “(1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorneys’ fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice.” Daniel Mones, P.A. v. Smith, 486 So.2d 559, 561 (Fla.1986) (emphasis added). Thus, it is not enough to support the imposition of a charging lien that an attorney has provided services; the services must, in addition, produce a positive judgment or settlement for the client, because the lien will attach only to the tangible fruits of the services. Correa v. Christensen, 780 So.2d 220 (Fla. 5th DCA 2001).
In the instant case, the Respondent law firm filed a notice and amended notices of attorneys’ charging liens. The notices failed to allege, and the record is devoid of any evidence, that Respondent’s services produced monies or other tangible property for Petitioner. In purported fur *118 therance of its effort to establish a charging hen, Respondent also served a request to produce, seeking numerous financial and medical records from Petitioner.
In response, Petitioner filed objections to the notices of charging hen, correctly asserting that Respondent’s notices had failed to allege the elements necessary to establish a valid charging hen. Petitioner also filed a motion to stay discovery, or in the alternative, a motion for extension of time to respond to discovery. In her motion, Petitioner argued that before permitting discovery, the court should hear and rule on her objections or, alternatively, grant Petitioner additional time to respond to the discovery request should the motion for stay be denied. Respondent then filed a motion to compel, seeking an order requiring immediate production of the requested documents.
After hearing argument of counsel at a duly noticed hearing, the trial court erroneously denied Petitioner’s objections to the notices of charging lien. The trial court then compounded this error by denying Petitioner’s motion for extension of time to respond to discovery and ordered Petitioner to promptly produce the requested documents. Thus, there were no specific objections such as relevancy or privilege made to any of the categories of documents requested by Respondent.
Without certiorari relief, the trial court’s order would require Petitioner to produce documents that appear to be of protected status, see Barker v. Barker, 909 So.2d 333, 337 (Fla. 2d DCA 2005), notwithstanding Respondent’s failure to allege a basis for the imposition of a charging hen. Under these circumstances, certiorari relief is appropriate. See, e.g., Allstate Ins. Co. v. Am. S. Home Ins. Co., 680 So.2d 1114 (Fla. 1st DCA 1996) (certiorari relief granted where, despite respondent’s failure to state a cause of action for breach of fiduciary duty, petitioner had been ordered to produce claim and litigation files).
Accordingly, we quash the order compelling discovery. On remand, should Respondent sufficiently allege a basis for the imposition of a charging hen, the trial court may reconsider Respondent’s motion to compel after affording Petitioner the opportunity to raise specific objections to Respondent’s request to produce.
PETITION FOR WRIT OF CERTIO-RARI GRANTED.
PALMER and TORPY, JJ., concur.