PER CURIAM.
Florence Higdon appeals the Order Granting Attorney’s Charging Lien rendered in the pending dissolution action. The parties in whose favor the Order was rendered, David Garfinkel and GrayRobin-son, P.A., have not filed an answer brief. They were retained by Higdon to represent her in her dissolution action pursuant to an agreement that provided in pertinent part that the firm
shall have a lien against all monies or properties received by me or assigned to me as recovery in my case, including, but not limited to, my home, automobile, bank accounts, investment accounts, or other recovery which I receive or which I am due to receive as a result of the fruits of litigation, in the event that the attorney’s fees and costs owed to the firm are not otherwise paid.
*417 I consent to a charging lien that allows payment of my attorney’s fees and costs owed to the firm from my recovery in my lawsuit.
The agreement set out the hourly fee of $350 for Garfinkel and $125 for paralegal work.
Garfinkel withdrew from representing Higdon before the dissolution action was concluded and filed a sworn Notice of Claim of Attorney’s Charging Lien in the amount of $18,384.97 and a motion requesting entry of an order establishing a lien in that amount against specified property that had not as yet been distributed to either of the parties. Higdon filed a reply opposing entry of an order on the grounds that such a lien is premature because there was nothing before the court sufficient to show entitlement to the relief requested in that there had been no distribution of the property subject to an order and therefore no recovery obtained by the attorney or his firm. The trial court entered the Order establishing a lien in the requested amount without conducting a hearing to consider Higdon’s objections.
Garfinkel and GrayRobinson have perfected their right to seek a charging lien in the underlying case. See Brown v. Vt. Mut. Ins. Co., 614 So.2d 574 (Fla. 1st DCA 1993). However, we agree with Higdon that the Order under review was premature in that it issued during the pendency of the underlying dissolution action, i.e., before it could be determined that Garfinkel’s services resulted in a benefit to Higdon, in the form of assets awarded in the dissolution action, to which the charging lien could attach. See Walia v. Hodgson Russ LLP, 28 So.3d 987 (Fla. 4th DCA 2010) (finding error in trial court’s act of issuing order establishing a charging lien while underlying dissolution action remained pending; noting that without a final dissolution judgment, imposition of the charging lien was premature as there was no evidence the attorney’s services had benefited the client and there was nothing to which the charging lien could attach).
Furthermore, the court summarily entered the Order establishing the lien without hearing Higdon’s objections. Had the court heard Higdon’s argument regarding prematurity, it may well have realized the charging lien could not be imposed until the dissolution case concluded. Too, the irregularity precluded Higdon’s due process right to raise any equitable defenses she may have had and to dispute the amount claimed. This was error. We note parenthetically that Garfinkel and GrayRobinson do not contest Higdon’s arguments in light of the fact that they did not file a brief in this appeal.
We, therefore, reverse the Order as premature and remand with directions that, after the final dissolution judgment is rendered, and after Higdon has been given notice and opportunity to be heard, the court can consider entry of an order establishing a charging lien in favor of Garfinkel and GrayRobinson. See Rose v. Marcus, 622 So.2d 63, 65 (Fla. 3d DCA 1993) (reversing order permitting charging lien where wife was not provided notice that charging lien issue would be heard at attorney’s fees hearing and wife was not given an opportunity to have her objections heard).
REVERSED and REMANDED.
TORPY, C.J., SAWAYA and LAWSON, JJ., concur.