DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STACY JAEGER,**
Appellant,

v.

**ROBERT M. JAEGER, D.O.,**
Appellee.

No. 4D15-1243

[December 16, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 2009DR013546NB.

Lisa Marie Macci of Lisa Marie Macci, PA, Boca Raton, and Elizabeth J. Kates, Pompano Beach, for appellant.

Eddie Stephens and Allison Kapner of Ward, Damon, Posner, Pheterson & Bleau, West Palm Beach, for appellee Ward, Damon, Posner, Pheterson & Bleau.

John D. Boykin of Ciklin Lubitz & O'Connell, West Palm Beach, for appellee Ciklin Lubitz & O'Connell.

WARNER, J.

The former wife challenges the trial court's order granting a motion to assert a charging lien against an award of undifferentiated family support and denying her motion to release those funds to her. Concluding that the magistrate had made a legal error in determining that an attorney's lien could not attach to the award, the court ordered the attorney's lien paid out of the lump sum award. We reverse because we hold that a charging lien may not apply against an award of past due undifferentiated support accruing during the pendency of the divorce proceedings.

In the final judgment of dissolution, the trial court made a lump sum award of undifferentiated family support for arrearages not paid during the course of the proceedings. When the former husband paid sums on that award, two of the former wife's attorneys sought to impose charging

liens against it, and those monies were deposited partly with the clerk of court and partly with the former husband's attorney. The matter was set before the general magistrate, who recommended denial of the charging lien and found that the attorney's charging lien could not attach to child support. *See Brake v. Sanchez-Lopez*, 452 So. 2d 1071, 1072 (Fla. 3d DCA 1984). Because the former husband had failed to pay the undifferentiated family support, he was not paying his share of the child support expenses, and the former wife "had to pick up the slack and pay those expenses out of her pocket." She invaded assets and borrowed money. Thus, the magistrate recommended that "[b]ecause the child support component of the undifferentiated family support is so inextricably intertwined and not capable of segregation, this Court concludes that the charging liens . . . do not attach to the monies that have been paid . . . ."

The magistrate made additional findings as to whether the charging lien should attach to undifferentiated temporary family support, which would include temporary spousal support. Noting that the lien would be unenforceable against alimony to the extent that it deprives the spouse of daily sustenance or the minimal necessities of life, *see Dyer v. Dyer*, 438 So. 2d 954, 955 (Fla. 4th DCA 1983), the magistrate found that the former husband's failure to make payments of the support during the dissolution proceedings caused the former wife to borrow money and eliminate many services. Her utilities have been cut off at times, and she has had to borrow money to provide for her and her child. The magistrate concluded that the monies were necessary for her "daily sustenance and the minimal necessities of life." The magistrate recommended that the motion for immediate release of support monies to the former wife be granted.

The attorneys filed objections to the magistrate's report, contending that the magistrate erred in concluding that, as a matter of law, a charging lien could not be asserted against an award of undifferentiated family support. They also claimed that the general master's factual finding that the former wife needed the support for daily sustenance was not supported by competent substantial evidence.

At a hearing before the trial court, the parties argued whether the magistrate erred as a matter of law in determining that a charging lien could not be asserted against an award of undifferentiated support. The parties did not argue that the magistrate's factual findings were not supported by competent substantial evidence. The trial court granted the attorneys' objections, finding that the "magistrate made a legal error in concluding charging liens do not apply to undifferentiated support arrears[,]" relying on *Albert v. Goldman-Link, P.A.*, 661 So. 2d 1293 (Fla.

2

4th DCA 1995). The trial court then permitted disbursement to the attorneys and denied immediate payment to the former wife. She appeals.[1]

In *Dyer*, we held that "an attorney's charging lien should not be enforced against an award of permanent periodic alimony if to do so would deprive a former spouse of daily sustenance or the minimal necessities of life." 438 So. 2d at 955. We noted that *permanent* periodic alimony can serve multiple purposes:

> The usual purpose of permanent periodic alimony is "to provide the needs and the necessities of life to a former spouse . . . ." *Canakaris v. Canakaris*, [382 So. 2d 1197, 1201 (Fla. 1980)]. But in Florida it is also permissible to use permanent periodic alimony as a vehicle "to do equity between the parties . . . ." *Id.* at 1202. Consequently, we do not believe that it is either appropriate or possible to formulate a rule which depends upon the label attached to a specified form of alimony. Rather, courts should be governed by the principle that "[e]quity, which creates the [alimony] fund, will not suffer its purpose to be nullified." *Turner v. Woolworth*, 221 N.Y. 425, 430, 117 N.E. 814, 816 (1917); *cf. Fuqua v. Fuqua*, 88 Wash. 2d 100, 558 P.2d 801, 805 (1977).

*Id.* An award of temporary support, however, is different. It provides for the needs and necessities of life of the spouse and children pending the dissolution. *See, e.g., Stern v. Stern*, 907 So. 2d 701 (Fla. 4th DCA 2005). Many times, such awards do not even cover all of the expenses of a party. Additional equitable considerations are not included in such awards. Thus, *Dyer's* analysis regarding awards of permanent alimony is not applicable to awards of temporary support, as all that is included in such awards are the needs and necessities of life for the spouse and family.

*Dyer* cited to *Fuqua* for support. *Dyer*, 438 So. 2d at 955. *Fuqua* discusses both the unavailability of a charging lien against awards of back child support as well as an award consisting of commingled back alimony and child support—in other words, an undifferentiated award. 558 P.2d at 804-06. As to the back child support, the court said:

> We see no reason to allow assertion of a lien against support monies which are, after long delay, made available to children

---

[1] This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(ii).

who have been deprived of the benefit of adequate support on a regular basis. The fact that such children may have managed to get along, though deprived of adequate support for some time, certainly does not compel the conclusion that those support monies are in any way less important to the welfare of the children involved than they were at the time awarded. Indeed, it is quite likely that the back support would be needed to satisfy indebtedness incurred by the custodian on behalf of the family during the period in which the family was without adequate support.

*Fuqua*, 558 P. 2d at 805-06. In discussing the judgment for combined back alimony and child support, the court said:

[T]he trial court concluded that those funds were commingled and not readily severable. Once having determined that an attorney's lien could not be asserted against child support, the trial court concluded that the lien in question, even if purportedly limited in its application to maintenance alone, could not properly be asserted against any portion of the commingled fund. We find the trial court's conclusion that this fund was not readily severable to be amply supported by the record. *We also agree that an attorney's lien may not be asserted against any portion of funds paid in satisfaction of a judgment which includes commingled child support.*

*Id.* at 806 (emphasis added); *see also Minor Child of Zentack v. Strong*, 614 N.E.2d 1106 (Ohio Ct. App. 1992). We agree with the conclusion of these courts, particularly where the award, as in this case, includes only back-due amounts for temporary child support and alimony pending the final judgment, and therefore would not include any amounts other than what was established as the needs and necessities of the spouse and children.

The reasoning of the magistrate was in accord with the foregoing authorities. The trial court's rejection of that reasoning was error.

Even if the charging lien could have been enforced against that portion of the undifferentiated award which constituted alimony, the magistrate also found that the award was for the necessities of life for the spouse. "A trial court is bound by a master's factual findings and recommendations unless they are clearly unsupported by the evidence and clearly erroneous." *Glaister v. Glaister*, 137 So. 3d 513, 516 (Fla. 4th DCA 2014) (quoting *Linn v. Linn,* 523 So. 2d 642, 643 (Fla. 4th DCA 1988)). Although

4

the trial court did not reject the magistrate's findings of fact, there was competent substantial evidence to support them.

The trial court relied on *Albert v. Goldman-Link, P.A.*, 661 So. 2d 1293 (Fla. 4th DCA 1995), to support the determination that undifferentiated awards could be subject to a charging lien. This case is inapposite. We affirmed the trial court's grant of a charging lien, but it is unclear from the opinion that an undifferentiated award was involved. All the opinion states is that the attorney obtained a charging lien for representing the client in an action for alimony and child support arrearages. *Id.* at 1294. It does not state that the award obtained was undifferentiated. As there was no transcript of proceedings, we simply found that we could not determine whether evidence was taken or on what grounds the lien was imposed. *Id.* We were thus required to affirm. The case has no precedential value to the issue presented here.

For the foregoing reasons, we reverse the trial court's denial of immediate release of funds to the former spouse. We remand for proceedings consistent with this opinion.

STEVENSON and LEVINE, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***