DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LISA MARIE MACCI, P.A.,**
Appellant,

v.

**STACY D. JAEGER** and **ROBERT M. JAEGER, D.O.,**
Appellees.

No. 4D16-2838

[December 6, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Judge; L.T. Case No. 2009DR013546XXXXNB.

Lisa Marie Macci of Lisa Marie Macci, P.A., Boca Raton, for appellant.

Stacy D. Jaeger, Wellington, pro se.

Rick Ruz, Coral Gables, for appellee Robert M. Jaeger.

GERBER, C.J.

The former wife's attorney appeals from the circuit court's final order essentially denying the attorney's motion to enforce a retaining lien against the former husband's undifferentiated arrearage of both alimony and child support held in the attorney's trust account. We affirm.

The former wife's attorney's agreement to provide legal services in the former wife's dissolution action stated, in pertinent part:

> It is specifically agreed that the Law Firm shall have and is hereby granted all general, possessory and retaining liens and all equitable, special and attorney's charging liens upon the client's interest in any and all real, personal and intangible property within the jurisdiction of the court for any balance due, owing and unpaid and such lien or liens shall be related back to the date of this agreement and shall be superior in dignity to any other lien subsequent to the date hereof.

The former husband became delinquent on alimony and child support. The former wife's attorney provided services towards obtaining the arrearage, which the former husband deposited into the former wife's attorney's trust account. The former husband's deposit of the arrearage was not differentiated between the alimony and child support.

The former wife's attorney then sought to enforce a retaining lien against the undifferentiated arrearage held in her trust account. However, a magistrate recommended that the circuit court order the former wife's attorney to release the undifferentiated arrearage to the former wife.

The former wife's attorney filed an exception to the magistrate's report and recommendation. The attorney again sought to enforce a retaining lien against the undifferentiated arrearage held in her trust account.

The circuit court accepted the magistrate's report and recommendation, and denied the former wife's attorney's motion to enforce the retaining lien. The circuit court's ruling relied upon an earlier opinion which we issued in this dissolution action, holding that "a charging lien may not apply against an award of past due undifferentiated support accruing during the pendency of the divorce proceedings." *Jaeger v. Jaeger*, 182 So. 3d 697, 698 (Fla. 4th DCA 2015) ("*Jaeger I*"). The circuit court concluded that our holding on the charging lien also should apply to a retaining lien.

This appeal followed. The former wife's attorney argues that the court erred in relying on our holding in *Jaeger I*, because no case prohibits an attorney from applying a retaining lien against undifferentiated support.

In response, the former wife and the former husband argue that the reasons for prohibiting an attorney from applying a charging lien against undifferentiated support also should prohibit an attorney from applying a retaining lien against undifferentiated support.

We agree with the former wife and the former husband. In *Jaeger I*, we relied on *Fuqua v. Fuqua*, 558 P.2d 801 (Wash. 1977), for the following reasoning, which remains applicable here:

> We see no reason to allow assertion of a lien against support monies which are, after long delay, made available to children who have been deprived of the benefit of adequate support on a regular basis. The fact that such children may have managed to get along, though deprived of adequate support for some time, certainly does not compel the conclusion that

2

those support monies are in any way less important to the welfare of the children involved than they were at the time awarded. Indeed, it is quite likely that the back support would be needed to satisfy indebtedness incurred by the custodian on behalf of the family during the period in which the family was without adequate support.

. . . .

[T]he trial court concluded that those funds were commingled and not readily severable. Once having determined that an attorney's lien could not be asserted against child support, the trial court concluded that the lien in question, even if purportedly limited in its application to maintenance alone, could not properly be asserted against any portion of the commingled fund. We find the trial court's conclusion that this fund was not readily severable to be amply supported by the record. We also agree that an attorney's lien may not be asserted against any portion of funds paid in satisfaction of a judgment which includes commingled child support.

*Id.* at 805-06.

Similar to our holding in *Jaeger I*, even if the retaining lien could have been enforced against that portion of the undifferentiated arrearage which constituted alimony, the magistrate also found that the award was for the necessities of life for the spouse. "A trial court is bound by a [magistrate's] factual findings and recommendations unless they are clearly unsupported by the evidence and clearly erroneous." *Glaister v. Glaister,* 137 So. 3d 513, 516 (Fla. 4th DCA 2014) (citation omitted). Although the circuit court did not reject the magistrate's findings of fact, competent substantial evidence supported the magistrate's findings.

Based on the foregoing, we affirm the circuit court's acceptance of the magistrate's report and recommendation, and denial of the former wife's attorney's motion to enforce a retaining lien against the undifferentiated arrearage.

*Affirmed.*

MAY and LEVINE, JJ., concur.

\*          \*          \*

3

*Not final until disposition of timely filed motion for rehearing.*